JAMES DREW (substituted by amendment) *vs.* RICHARD M.
FARNSWORTH.

Suffolk.    January 29, 1904. — September 7, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Practice, Civil,* Amendment. *Negligence,* In driving. *Pleading, Civil,* Variance.

An amendment inserting in a writ the name of a minor as plaintiff instead of that
of his next friend, filed on the day the writ was entered but not acted on by the
presiding judge, although read to the jury by the plaintiff as part of the plead-
ings, can be allowed by the judge after a verdict for the plaintiff, when first
called to his attention by the defendant on a motion for a new trial.

One driving a two horse furniture team at the rate of five or six miles an hour in
an empty street, so near a sidewalk that the hub of the wheel extending over
the sidewalk hits a boy standing about a foot and a half inside of the curbstone
in a place of apparent safety, can be found to be negligent, and his master to be
liable to the boy for injuries thus caused if the boy is in the exercise of due
care.

A declaration, alleging that the plaintiff was injured when "crossing the junction"
of two streets named, may be supported by evidence that the plaintiff was in-
jured when he had been standing for two or three seconds on the sidewalk at
the corner of the two streets looking across one of them.

TORT, by Catherine Drew for the benefit of her minor son
James Drew, as stated in the first two paragraphs of the opinion,
for injuries to James from being run over and injured by a two
horse furniture team of the defendant at the corner of Short
Street and Medford Street in that part of Boston called Charles-
town, through the alleged negligence of the driver of the team,
the alleged servant of the defendant.    Writ dated January 12,
1899.

In the Superior Court the case was tried before *Wait,* J., who
refused to make certain rulings requested by the defendant, and
submitted the case to the jury.    The jury returned a verdict for
the plaintiff in the sum of $800; and the defendant alleged excep-
tions.    The judge also denied a motion of the defendant for a
new trial, allowing the amendment stated in the opinion of the
court in the manner there described.    The defendant alleged ex-
ceptions to the allowance of the amendment and the denial of
the motion for a new trial.

*O. Storer*, for the defendant.

*J. J. Corbett, M. L. Jennings & S. A. Jennings*, for the plaintiff, submitted a brief.

BARKER, J.    The case is here upon exceptions taken at the jury trial and also upon an exception to the disallowance of the defendant's motion for a new trial.    The writ was in tort, and the plaintiff was designated in it as " Catherine Drew of . . . Boston."    When served it contained no declaration.    When the writ was entered a declaration was filed which alleges that " the plaintiff, a minor, who brings this action by his next friend says that . . . the defendant was owner of a team . . . driven by the servant of the defendant" and that the plaintiff was " crossing the junction of" two streets named and using due care and that the defendant by his servant so negligently drove the team that the plaintiff was knocked down and run over and greatly injured.

The writ was entered and the declaration filed on February 6, 1899.    On the same day a motion was filed to amend the writ, by inserting after the words " Catherine Drew of said Boston " the words " who brings this action for and as the mother and next friend of James Drew a minor."    The defendant answered with a general denial on March 2, 1899.    The jury trial took place on May 6, 1903.

The defendant's motion for a new trial was filed within three days after the verdict, and was heard on May 16, 1903.    In support of that motion he contended that since there was no evidence of any damage except suffering on the part of the minor, the plaintiff could not recover, the plaintiff named in the writ being Catherine Drew.    No mention of any such question was raised at the trial, and the pleadings including the amendment were read in the opening as though the amendment had been allowed, and the motion for amendment was not called to the attention of the judge by the defendant's counsel until the time set for hearing his motion for a new trial.    The judge thereupon allowed the amendment as of May 6, 1903, and disallowed the motion for a new trial.    The power to allow amendments at any time before final judgment is ample.    R. L. c. 173, § 48.    It well may be exercised when some error has been made in a writ bringing a suit for a minor.    See *Smith* v. *Carney*, 127 Mass. 179, 181, and cases cited.    So, when there is no good reason for

a new trial, the power may be exercised after verdict and judgment ordered in accordance with the verdict. *Pierce* v. *Charter Oak Ins. Co.* 138 Mass. 151, 164. *Wright* v. *Vermont Ins. Co.* 164 Mass. 302, 305.

The exceptions taken at the jury trial were to the refusal to give certain rulings. The defendant's brief makes three contentions. (1) That the evidence failed to justify a finding of negligence on his part, (2) That the evidence showed negligence on the part of the minor and (3) That there was a variance, the allegation of the declaration being that the minor was " crossing the junction of" certain streets while the evidence showed that he was standing on the sidewalk.

The evidence consisted of the testimony of the minor and of a foot traveller on one of the streets, and of a written statement that the defendant's servant if present would give certain testimony. The two streets which met were named Short and Medford.

The testimony of the minor tended to show that he lived on Short Street and that he came down Short Street to the corner of Medford Street to look for boys, and that he had been standing for two or three seconds when the defendant's team drove along Medford Street coming from a direction in the rear of the minor as he was standing looking directly across Short Street; that the team was near the sidewalk and moving at a rate of five or six miles an hour, and that the hub of the wheel hit him in the left side and threw him down and the wagon ran over his leg; that he was standing about a foot and a half from the curb ; that he saw no one and did not see or hear any team until the wheel hit him and heard no sound except that of a locomotive.

The testimony of the other witness tended to show that he lived on Medford Street, and was walking along that 'street toward Short Street when the team passed him ; that he saw the minor standing on the edge of the sidewalk ; that the team was driving on a trot close to the sidewalk, and so close that when the forward wheel came to a cesspool depression it threw the wagon so that the hub of the forward wheel struck the boy and threw him down, and the wheel ran over him.

The statement as to the testimony which the defendant's driver would give if present was that he had stopped the team

near the corner and thrown down the reins preparatory to alighting, when two boys playing tag came running very fast around the corner, — that one of the boys ran into the horses and caused them to start and the other boy ran into the wagon and slipped or fell down and was run over.

A summons to appear and testify had been left at the home of the driver, but no personal service had been made. The defendant's counsel argued to the jury that the driver was kept away from the trial by the plaintiff, while the plaintiff's counsel argued that the servant was trying to avoid being a witness.

We are of opinion that the questions of the negligence of the driver and of the care of the minor were for the jury, as also the question whether the driver was the defendant's servant. There was no contention that there were other vehicles in the street, or that it was necessary for the driver so to manage his wagon that the wheel would strike a person on the sidewalk. The minor seems to have been in a place of apparent safety and, if standing as he testified, could be found to have been in the exercise of ordinary care.

As to the contention that there was a variance because for two or three seconds the minor was standing at the corner, while the declaration alleged that he was " crossing the junction ", it is to be noticed that the bill of exceptions does not show that this contention was made either at the jury trial or at the hearing of the motion for a new trial. If necessary such a variance could be remedied now by an amendment. See *Pierce* v. *Charter Oak Ins. Co.* and *Wright* v. *Vermont Ins. Co.*, *ubi supra.* But this is not necessary. The jury could find that the point where the minor was when struck was within the junction of the two streets, and that he was crossing the junction although for two or three seconds he had stopped to look across.

*Exceptions overruled.*