(November 11, 1911.)

## H. P. NOBACH, Appellant, v. J. T. SCOTT, Respondent

[119 Pac. 295.]

CONTRACT — RESCINDING OF — PLEADINGS — TRANSCRIPT — MOTION TO STRIKE—MOTION FOR NEW TRIAL—NOT SIGNED BY ATTORNEY—OVERSIGHT—ACTED ON BY COURT—UNDERTAKING ON APPEAL—TWO APPEALS—AMOUNT OF UNDERTAKING—MOTION TO STRIKE OUT PARTS OF ANSWER—NEGATIVE PREGNANT—CONSTRUCTION OF PLEADINGS—SUFFICIENT DENIALS—NONSUIT—PRIMA FACIE CASE—SUFFICIENCY OF EVIDENCE.

(Syllabus by the court.)

1. Under the provisions of sec. 4162, Rev. Codes, the pleadings in an action are the complaint, the demurrer to the complaint, the answer and the demurrer to the answer.

2. Under the provisions of sec. 4198, Rev. Codes, pleadings must be signed by a resident attorney.

3. A motion is defined by sec. 4880, Rev. Codes, as an "application for an order," and is not required in terms to be signed, but it is the proper practice for the counsel or the party to sign it.

4. Where a motion for a new trial has been made in writing and served upon opposing counsel and through neglect or oversight has not been signed, and the court acts upon it as though it had been signed, such motion will not be stricken from the transcript on appeal for that reason.

5. Under the provisions of sec. 4231, Rev. Codes, the court must in every stage of an action disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties.

6. A party to an action will not be permitted to stand by and neglect or refuse to raise seasonable objections to mere defects in pleadings or proceedings and thereafter take advantage of such defects on appeal.

7. Under the provisions of sec. 4809, Rev. Codes, when more than one appeal in the same action is taken at the same time, but one undertaking of $300 for damages and costs is required to be filed, and such undertaking should refer to both appeals.

8. *Held,* that the denials and averments contained in the answer are sufficient to put in issue the principal allegations of the complaint.

9. A negative pregnant in a pleading is a negative implying also an affirmative; it is such a form of negative expression as may imply or carry with it an affirmative.

10. Under the provisions of sec. 4161, Rev. Codes, the forms of pleadings in civil actions and the rules by which the sufficiency thereof are to be determined are those prescribed by the codes, and under the provisions of sec. 4207, Rev. Codes, all allegations or denials in a pleading must be liberally construed with a view to substantial justice between the parties.

11. The purpose and object of our code of procedure is to have actions tried upon their merits and not to have them dismissed on mere technicalities.

12. Certain denials in the answer held sufficient.

13. Where an answer contains averments and allegations of probative facts as a separate defense, which might be proven under general or specific denials, such averments ought to be stricken out on motion.

14. All competent evidence tending to prove the material allegations of the complaint or denials of the answer ought to be received when offered.

15. In an action for the purpose of rescinding a contract for the sale of certain real estate, whereby certain shares of stock in a corporation were a part of the consideration, and it is sought to rescind the contract on the ground that the corporation was insolvent and that such shares of stock were valueless, it is incumbent on the plaintiff to prove that the corporation was insolvent or in a failing condition at the time or on the date that the trade was made, and it is not sufficient proof of that fact simply to show that such corporation made an assignment for the benefit of its creditors a little over six months after the date of the contract sought to be rescinded.

16. Under the facts of this case, *held,* that the appellant was in as favorable a position to know and ascertain the condition of said corporation and the value of its capital stock and assets as was the respondent, and as he neglected and failed to do so and failed to show that said corporation was insolvent or in a failing condition at the date of the contract referred to, the judgment of nonsuit at the close of his testimony will not be disturbed.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. Robt. N. Dunn, Judge.

Action to rescind a contract and at the close of plaintiff's evidence a motion for nonsuit was sustained and judgment of dismissal entered.   *Affirmed.*

Reed & Boughton, for Appellant.

A negative pregnant in pleading is not a denial of the fact alleged, and therefore should be stricken out on motion. (*Grand Valley Irr. Co. v. Lesher,* 28 Colo. 273, 65 Pac. 44; *Woodworth v. Knowlton,* 22 Cal. 164; *Bourke v. Butte Electric & Power Co.,* 33 Mont. 267, 83 Pac. 470; *City of Santa Ana v. Brunner,* 132 Cal. 234, 64 Pac. 287; *Curnow v. Phoenix Ins. Co.,* 46 S. C. 79, 24 S. E. 74; *Rock Springs Coal Co. v. Sanitorium Co.,* 7 Utah, 158, 25 Pac. 742; *Jackson v. Green,* 13 Okl. 314, 74 Pac. 502; *Dillon v. Spokane County,* 3 Wash. Ter. 498, 17 Pac. 889; *Swanholm v. Reeser,* 3 Ida. 476, 31 Pac. 804; *Bloomingdale v. DuRell,* 1 Ida. 33; *Burke v. McDonald,* 2 Ida. 679, 33 Pac. 49, 17 Morr. Min. Rep. 325; *Knowles v. New Sweden Irr. Dist.,* 16 Ida. 217, 101 Pac. 81; 31 Cyc. 676, 677, 678, and cases cited.)

A party is not bound to investigate for himself, and has a right to rely solely on the statements made by the vendor. (*Gerner v. Mosher,* 58 Neb. 135, 78 N. W. 384, 46 L. R. A. 244; *Watson v. Molden,* 10 Ida. 570, 79 Pac. 503; *Bank of Woodland v. Hiatt,* 58 Cal. 234; *Wooddy v. Benton Water Co.,* 54 Wash. 124, 132 Am. St. 1102, 102 Pac. 1054.)

As a matter of fact, in this case plaintiff had no means of learning the actual value of the stock in question. (*Best v. Offield,* 59 Wash. 466, 110 Pac. 17; *Dow v. Swain,* 125 Cal. 674, 58 Pac. 271.)

If there is a single material misrepresentation made by the defendant or his agent in this case and plaintiff relied on such statement, he is entitled to a rescission of the contract. (20 Cyc. 41; *Shaw v. Stine,* 8 Bosw. (N. Y.) 157.)

Even misrepresentations as to past profits realized from a business may amount to a fraud. (*Del Vecchio v. Savelli,* 10 Cal. App. 79, 101 Pac. 32.)

McFarland & McFarland, for Respondent.

A careful examination of the answer will certainly convince anyone familiar with the rules of pleading that it contains no negatives pregnant. (31 Cyc. 203–205; *O'Brien v.*

*Seattle Ice Co.,* 43 Wash. 217, 86 Pac. 399; Rev. Codes, Idaho, 4207.)

In their brief counsel for appellant say: "Every pleading is construed most strongly against the pleader." This is not true under our practice. (*Cantwell v. McPherson,* 3 Ida. 721, 34 Pac. 1095; *Stuart v. Noble Ditch Co.,* 9 Ida. 765, 76 Pac. 255; *White v. Johnson,* 10 Ida. 438, 79 Pac. 455.)

The proof offered is not evidence that the stock was worthless or that the Winn-Barr-Chainey Co. was bankrupt or insolvent on December 24, 1909, the date when the trade was made between appellant and respondent. (1 Sedgwick on Damages, 8th ed., par. 250.)

It cannot be contended that respondent made any material representation before the consummation of the trade, because he had no conversation with appellant and did not see him until the trade was consummated and the papers all signed. Nor does the evidence show that Nobach acted in reliance upon any representation or statement made to him by Collins. (*Nounnan v. Sutter County Land Co.,* 81 Cal. 1, 22 Pac. 515, 6 L. R. A. 219; *Choate v. Hyde,* 129 Cal. 580, 62 Pac. 118; *Brown v. Bledsoe,* 1 Ida. 746; 20 Cyc. 49; *Mentzer v. Sargeant,* 115 Iowa, 527, 88 N. W. 1068; *Warfield v. Clark,* 118 Iowa, 69, 91 N. W. 833; 9 Cyc. 427.)

Nobach had the same means of ascertaining the financial condition and standing of the Winn-Barr-Chainey Co. and the value of its stock that Collins and Scott had, and could have availed himself, if he did not do so, of the opportunity to acquire such knowledge, and he is presumed by law to have had such knowledge. (9 Cyc. 428; *Lee v. McClelland,* 120 Cal. 147, 52 Pac. 300.)

SULLIVAN, J.—This action was brought for the purpose of having rescinded a certain contract for the sale of certain land known as "Kootenai Addition" to the city of Coeur d'Alene. On the trial, after the plaintiff had put in certain evidence and the court had refused to receive other offered evidence, the plaintiff rested, and counsel for respondent interposed a motion for a nonsuit, the main ground of which

was that the evidence was not sufficient to sustain the principal allegations of the complaint. Said motion was sustained by the court and judgment of dismissal entered. A motion for a new trial was denied and this appeal is from that order and from the judgment.

Counsel for respondent has filed two motions; one to strike out part of the transcript and another to dismiss this appeal. The first motion is based on the ground that the motion for a new trial is not signed by either the party or his attorneys. Said motion was served on the attorneys and filed in the case and was acted upon by the court as though it had been signed. Under the provisions of sec. 4162, Rev. Codes, the only pleadings in an action are the complaint, the demurrer to the complaint, the answer and demurrer to the answer. Under the provisions of our statute a cross-complaint is classed with the complaint and a demurrer to that, of course, may be made. Under the provisions of sec. 4198, the pleadings are required to be signed by a resident attorney, and sec. 4880, Rev. Codes, defines a "motion" as an application for an order and is not specifically required to be signed, but in our practice motions are usually signed and it is the proper practice to have them signed by the parties or their counsel. But where a motion has been made in writing and served upon opposing counsel and through oversight or neglect counsel have failed to sign it and the court acts upon it as though it had been signed and recognizes it as a motion, we think that sufficient. Counsel for respondent informs this court that they observed that the motion was not signed, and for that very reason concluded it was not a motion, hence did not appear to contest it, and that it was not their duty to point out any defects in said motion. They having declined to appear and enter an objection to the hearing of said motion, they thereby waived any right they had to raise that question on appeal. Under the provisions of sec. 4231, Rev. Codes, the court is directed in every stage of an action to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect. The

defect in the motion was not sufficient to mislead the respondent or affect his substantial rights. Parties will not be permitted to stand by and not raise seasonable objections to mere defects in papers and proceedings in a court and thus permit the court to act as though there were no defects in the proceedings and thereafter take advantage of such defects on appeal. Said motion is denied.

Respondent next moves to dismiss the appeal on the ground that a sufficient undertaking has not been filed. It is contended that as there were two appeals, one from the judgment and one from the order denying a new trial, an undertaking in the sum of $600 should have been given, $300 on each appeal. Both of said appeals were taken by the same notice of appeal and are presented to this court upon the same transcript. Sec. 4809, Rev. Codes, provides, among other things, as follows: "Provided that when more than one appeal in the same action, whether from the judgment and an appealable order or orders, or from two or more appealable orders, are taken at the same time, but one such undertaking or deposit for damages and costs need be filed or made." The question presented is, whether under said provision the appellant should have given an undertaking of $600 on both appeals, that is $300 on each, or whether an undertaking in the sum of $300 referring to both appeals and given to perfect both, is sufficient. We think said provision of the statute is too plain to require any construction whatever and clearly intends and requires in such cases as the one at bar but one undertaking in the sum of $300, and not a $300 undertaking on each of the appeals. Where one undertaking of $300 is given on two appeals, it must refer and apply to both of such appeals. The first provision of said section requires that an undertaking on appeal must be given for $300, and the provision above quoted provides "but one such undertaking . . . . need be filed or made" where more than one appeal is taken in the same action. Said motion to dismiss is therefore denied.

While numerous errors are assigned, counsel for appellant presents them under four heads, the first of which is: Did

the court err in refusing to strike out certain portions of defendant's answer on the ground that they were defective? Practically all of the portions moved to be stricken out, it is contended, are negative pregnants or denials of matter not alleged in the complaint and constitute no defense to the action and should have been stricken out. A negative pregnant in a pleading is a negative implying also an affirmative, and it is such a form of negative expression as may imply or carry within it an affirmative. (Black's Law Dictionary; vol. 5, Words and Phrases, p. 4739.) Under the provisions of sec. 4161, Rev. Codes, the forms of pleadings in civil actions and the rules by which the sufficiency of such pleadings are to be determined are prescribed, and under sec. 4207, Rev. Codes, one of the rules is to the effect that in the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties. When the denials and averments in an answer all taken together clearly indicate that it was the intention of the defendant to deny the allegations of the complaint and put all of such allegations in issue, they will be construed in accordance with the clear intention of the pleader, and the case must be tried upon its merits. The purpose and object of the law is to try lawsuits upon their merits and not to dismiss cases upon technicalities which do not go to the merits of the case.

The court ought to have stricken out paragraph 9 of defendant's answer, as the averment that respondent had sold and conveyed a portion of the "Kootenai Addition" would be no defense to this action.

While the answer is not one that we would adopt as a precedent or as a model to follow, we conclude that the separate denials and the averments in the separate defense are amply sufficient to put in issue the material allegations of the complaint and sufficient to put the plaintiff upon his proof.

A number of assignments of error go to the admission and rejection of certain testimony offered. We have made a careful examination of those and we do not think the action of the court in that regard is reversible error. Plaintiff sought by

testimony from the witness Daughters to show that his wife owned some stock in said corporation and that he had made considerable effort to sell or dispose of said shares and was unable to do so. Said witness testified that he did not know anything about the market value of said stock except as to the shares held by his wife which he had been unable to sell. He also testified that Mr. Collins, who traded respondent's stock to appellant, refused to undertake the sale of his wife's stock. That evidence was not sufficient to show that said corporation was bankrupt or insolvent or in a failing condition on the 24th day of December, 1909, the date when the trade was made between appellant and respondent. We do not find any evidence in the record sufficient to show that said corporation was bankrupt or insolvent or in a failing condition on the 24th of December, 1909. The evidence shows that there had been two dividends declared, one of five per cent and one of ten per cent. Appellant testified that Collins told him to go and see Winn and Barr who had general charge of said corporation business and inquire of them in regard to the condition of said corporation, which he did, and also inquired of three other individuals in regard to the condition of said corporation. Nobach had the means at hand to ascertain what dividends, if any, had been paid. It would appear from the evidence that Collins urged the appellant to investigate the matter for himself and ascertain the value of said shares of stock and the financial condition of the corporation. He had no conversation whatever with the respondent in regard to said stock until after or about the time the stock was transferred and the deed to the real estate turned over. And it appears that he was very anxious to make the trade and insisted on Collins paying him $100 in order to bind the bargain, and this was after he had satisfied himself of the value of the stock or had made inquiry of five different parties in regard thereto. On the first or second Monday in January, 1910, a very short time after the trade was made, the appellant was made a director of said corporation and so remained until the date of said assignment, to wit, the 15th of July, 1910, and he testified that he did not learn anything

about the value of said stock until two or three months after said assignment was made.

From the record it would appear that no one connected with this transaction knew whether said company was solvent or not. It was doing a large business and had a large stock of goods on hand. The appellant, after he became a director, did not attempt to ascertain anything about the solvency of said corporation or its indebtedness, or anything about the value of the stock of goods on hand. The evidence shows that Collins did tell appellant that the stock had paid from ten per cent to seventeen per cent dividends. The witness Daughters testified that there were two dividends declared, one of five per cent and one of ten per cent. The witness Barton testified to the same effect. Appellant undertook to show by the witness Barton that one of the dividends was paid out of the capital stock, or that it impaired the capital stock. That evidence was thereafter shown to be hearsay or not the best evidence of said facts. Many of the questions propounded by appellant to the witnesses Barton, Daughters and S. A. Wells tended to elicit secondary and hearsay evidence as to the solvency of said corporation and was not the best evidence, and did not confine such testimony to the time when said trade was made. The appellant was residing in the same town where said corporation was doing business and was referred to the manager of the corporation and others to ascertain the condition of said corporation and the value of said stock, and was also elected a director of the corporation a very few days after he made the purchase of said stock, and continued as such up to the time of the failure of the corporation. And when the corporation failed, he did not then go to the defendant and demand a rescission of the contract, and did not do so until two or three months after said corporation had failed and gone into the hands of an assignee.

At the close of plaintiff's evidence, the court granted a nonsuit, and we think the court did not err in doing so. The evidence is not sufficient to establish the fact that on December 24, 1909, at the time said trade was made, said corporation

was bankrupt or in a failing condition, and there is no evidence tending to show that respondent or Collins, his agent, knew or suspected that said corporation was in such condition; and in order to recover in this action it devolved upon the plaintiff to prove that on December 24, 1909, said corporation was insolvent or in failing condition, as many things might have happened to make it insolvent between that date and the date when the assignment was made. The fact that the corporation failed within about six or seven months after said date does not establish the fact that it was insolvent or in a failing condition on that date.

We have proceeded upon the theory that Collins was the agent of the defendant and that the defendant was responsible for the representations that Collins made to appellant in regard to the value of said stock and the solvency of said corporation, and we find nothing in the record that would justify this court in reversing the judgment and remanding the case for a new trial, as it would be impossible to recover in this case unless it is shown that the corporation was insolvent or in a failing condition at the date said trade was made.

We find no reversible error in the record. The judgment must be *affirmed,* and it is so ordered, with costs in favor of the respondent.

Stewart, C. J., and Ailshie, J., concur.