(July 13, 1914.)

## INA M. TRASK, Respondent, v. THE BOISE KING PLACERS COMPANY, Appellant.

[142 Pac. 1073.]

PLEADINGS—AMENDMENTS TO—INVITED ERROR—FAILURE TO DEMUR AT PROPER TIME — APPOINTMENT OF GUARDIAN AD LITEM AFTER TRIAL—INFORMALITY OF VERDICT—APPORTIONMENT BY COURT OF AMOUNT OF JUDGMENT.

1.  Where an action for injuries to a minor child was commenced by the mother on the theory that the mother, as the natural guardian of such child, could recover for such injuries, both on her own behalf and on behalf of the minor, and the allegations of the complaint showed that to be plaintiff's theory of the case, and defendant answered on the same theory of the case, and evidence was introduced without objection sustaining the allegations of the complaint, and at the close of the introduction of evidence and by consent of counsel for defendant the complaint was amended by inserting in the title of the action the additional words, "For herself and on behalf of her minor son, W. E. Trask," and other amendments were allowed at the same time, additional instructions covering the amendments being given by the court to the jury, and such amendments did not involve the introduction of any further evidence or any new state of facts, and it appeared that defendant was in no way misled or prejudiced by the making of such amendments, the allowance thereof did not constitute a new cause of action, and was properly granted by the court under sec. 4229, Rev. Codes.

2.  A judgment will not be reversed on account of alleged errors that have been consented to or invited, especially where it appears that appellant has not been prejudiced thereby.

3.  Under the provisions of sec. 4178, Rev. Codes, failure on the part of defendant to seasonably raise by demurrer questions involving lack of capacity on the part of the plaintiff to sue, or defect or misjoinder of parties, must be deemed to be a waiver of the right to thereafter raise such questions.

4.  The appointment of a guardian *ad litem* after the trial of a case and on the hearing of a motion for new trial, by an order of the trial court *nunc pro tunc*, is not a jurisdictional defect, but at most an irregularity which does not of itself vitiate the proceedings.

5.  Where the title of the cause as inserted in the verdict of the jury designates the plaintiff as "Mrs. Ina M. Trask," whereas in

accordance with an amendment to the complaint previously made by consent the words "for herself and on behalf of her minor son W. E. Trask" should have been added, but were omitted through inadvertence, such informality will not vitiate or render uncertain the verdict, which is to be read with the aid of the pleadings and in the light of the instructions of the court.

6. Indefiniteness of a verdict is not a ground for granting a new trial under the provisions of sec. 4439, Rev. Codes.

7. Where, in an action to recover for injuries to a minor child, the jury rendered a verdict of $8,000 in favor of the mother and minor child, and on motion for new trial the court reduced the judgment to $5,000, and apportioned that sum, $1,000 to the mother and $4,000 to the minor child, on condition that the mother and the minor, through his guardian *ad litem*, should file disclaimers of any greater sums, and such disclaimers were filed with the court, both the mother and the minor are bound by the judgment, and the defendant cannot be heard to complain in the absence of any showing that it is prejudiced by the action of the court in so apportioning the judgment.

8. A minor is bound by a judgment in a case wherein he is a party and represented by a guardian *ad litem* regularly appointed, when such guardian accepts the judgment of the court on behalf of his ward.

9. *Held*, that it does not appear from the record in this case that any substantial rights of appellant have been materially affected by any error or defect that may have occurred during the trial or proceedings.

APPEAL from the District Court of the Third Judicial District for Ada County.   Hon. Carl A. Davis, Judge.

Action to recover for personal injury to a minor child by the mother on behalf of herself and child.   Verdict of. $8,000 for plaintiffs, which on motion for new trial was reduced by the lower court to $5,000 and apportioned between plaintiffs.   From this judgment and order overruling motion, defendant appealed.   *Affirmed.*

C. H. Hartson, P. E. Cavaney and A. A. Fraser, for Appellant.

The court erred in permitting, at the close of the trial, the plaintiff to amend her complaint by alleging that she

brought the action for herself and on behalf of her minor son, W. E. Trask, for the reason that such an amendment constituted an entirely new cause of action; second that no general guardian or guardian *ad litem* had been appointed for the minor; third, for the reason that the action was not prosecuted in the name of W. E. Trask. (Sec. 4095, Rev. Codes; *McCloskey v. Sweeney,* 66 Cal. 53, 4 Pac. 943; *Johnston v. San Francisco Sav. Union,* 63 Cal. 554.)

The action must be brought in the name of the minor and not in the name of the guardian on behalf of the minor. (*Fox v. Minor,* 32 Cal. 111; 91 Am. Dec. 566; *Wilson v. Wilson,* 36 Cal. 447, 451, 95 Am. Dec. 194.)

If a new cause of action is injected into the suit by an amendment or otherwise, the attorneys in the original action have no authority to bind their client in the new proceeding by accepting process of any kind. (*Ashcraft v. Powers,* 22 Wash. 440, 61 Pac. 161; *Erskine v. McIlrath,* 60 Minn. 485, 62 N. W. 1130.)

An order can be entered *nunc pro tunc* to make a record of what was previously done by the court, although not then entered, but where the court has wholly omitted to make an order which it might or ought to have made, it cannot afterward be entitled *nunc pro tunc.* (25 Cyc. 1516; *State ex rel. Gordon Hardware Co. v. Langley,* 13 Wash. 636, 43 Pac. 875; *Southern Pac. Co. v. Pender* (Ariz.), 134 Pac. 289; *Clark v. Bank of Hennessey,* 14 Okl. 572, 79 Pac. 217, 2 Ann. Cas. 219; *Clark v. Strouse,* 11 Nev. 76; *Lombard v. Wade,* 37 Or. 426, 61 Pac. 856; 1 Black on Judgments, sec. 132.)

. Such orders are issued to make the record conform to the truth    (*State v. Bush,* 136 Mo. App. 608, 118 S. W. 670; *Gormley v. St. Louis Transit Co.,* 126 Mo. App. 405, 103 S. W. 1147); and supply only the record not the order. (*Finch v. Finch,* 111 Ill. App. 481; *Klein v. Southern Pac. Co.,* 140 Fed. 213.)

When a case is tried by a jury, one verdict settles the whole issue, and unless set aside, furnishes the complete basis of a judgment, which cannot in anything depart from it; and there is and can be no issue which the jury do not dis-

pose of.   (*Brown v. Kalamazoo Circuit Judge,* 75 Mich. 274,
13 Am. St. 438, 42 N. W. 827, 5 L. R. A. 226; *First Nat. Bank
v. Vander Stucken*   (Tex. Civ. App.), 37 S. W. 170.)   "The
verdict forms the basis of the judgment and hence the judg-
ment must conform thereto."   (*Clark v. Clark,* 21 Tex. Civ.
App. 371, 51 S. W. 337; *Letot v. Peacock* (Tex. Civ. App.),
94 S. W. 1121.)

A judgment must conform to the verdict not only as to
the amount, but as to the parties against whom the finding
is made.   (*Morsch v. Besack,* 52 Neb. 502, 72 N. W. 953;
*Dysart v. Terrell* (Tex. Civ. App.), 70 S. W. 986; *Galveston
H. & S. A. Ry. Co. v. Johnson,* 24 Tex Civ. App. 180, 58
S. W. 622; *Smith v. Eagle Mfg. Co.,* 25 Okl. 404, 108 Pac.
626.)

Where there are two plaintiffs or two defendants, and the
judgment is against only one, and fails to designate which
one, the judgment is void for uncertainty.   It must state for
which one it is given.   (*Holt v. Gridley,* 7 Ida. 416, 63 Pac.
188; *Richards v. Scott,* 7 Ida. 726, 65 Pac. 433.)

A several judgment cannot be entered on a joint verdict.
(23 Cyc. 823; *Eastman v. Jennings-McRae Logging Co.*
(Or.), 138 Pac. 216.)

In actions *ex delicto* the cause of action alleged in the
original pleading must be adhered to and its identity pre-
served, and hence a change by way of amendment, pleadin ;
a different liability on the part of the defendant, is an at-
tempt to introduce a new and distinct cause of action and
the amendment will not be allowed.   (31 Cyc. 416; *Central
of Georgia Ry. Co. v. Williams,* 105 Ga. 70, 31 S. E. 134.)

Earl C. Miller and E. G. Davis, for Respondents.

The court may, in the furtherance of justice, allow a party
to amend any pleading or proceeding by adding or striking
out the name of any party.   (Sec. 4229, Rev. Codes; *Perine
v. Grand Lodge A. O. U. W.,* 48 Minn. 82, 50 N. W. 1022.)

The appellants, being clearly apprised of the complaint,
were authorized, under sec. 4174, Rev. Codes, to demur.
Their failure to do so must be regarded, under sec. 4178,

as a waiver. (*Bonham Nat. Bank v. Grimes Pass Placer Min. Co.,* 18 Ida. 629, 633, 111 Pac. 1078; *Porter v. Title Guaranty & Surety Co.,* 21 Ida. 312, 121 Pac. 548; *Smith v. Carney,* 127 Mass. 179.)

The omission of the name of the minor in an action by his guardian is not a jurisdictional defect and is one which may be remedied by amendment. (*Love v. Southern Ry. Co.,* 108 Tenn. 104, 65 S. W. 475, 55 L. R. A. 471; 31 Cyc. 738; *Lombard v. Morse,* 155 Mass. 136, 29 N. E. 205, 14 L. R. A. 273; *Delisle v. Bourriague,* 105 La. 77, 29 So. 731; 54 L. R. A. 420; *Deming v. Darling,* 148 Mass. 504, 20 N. E. 107, 2 L. R. A. 743; *St. Louis A. T. Ry. Co. v. Triplett,* 54 Ark. 289, 15 S. W. 831, 11 L. R. A. 773; *Chicago etc. R. Co. v. Shaw,* 63 Neb. 380, 88 N. W. 508, 56 L. R. A. 341.)

The omission to appoint a guardian *ad litem* of an infant plaintiff before the bringing of an action is not a jurisdictional defect, but is an irregularity merely. (*Rima v. Rossie Iron Works,* 120 N. Y. 433, 24 N. E. 940; *Jones v. Steele,* 36 Mo. 324; *Chudleigh v. Chicago etc. P. Ry. Co.,* 51 Ill. App. 491; *Evans v. Collier,* 79 Ga. 319, 4 S. E. 266.)

Courts have authority to appoint guardians *ad litem* by orders issued *nunc pro tunc.* (*Guild v. Cranston,* 8 Cush. (62 Mass.) 506; *West Chicago St. R. Co. v. Johnson,* 77 Ill. App. 142; *Hamilton v. Foster,* 1 Brev. (S. C.) 464; *Rima v. Rossie Iron Works, supra.*)

The power to allow amendments at any time before final judgment is ample. It may well be exercised where some error has been made in bringing a suit for a minor. (*Drew v. Farnsworth,* 186 Mass. 365; 71 N. E. 783; *Smith v. Carney,* 127 Mass, 179; *Wolford v. Oakley,* 43 How. Pr. (N. Y.) 118.)

A caption to a verdict naming the parties is surplusage, and an error therein should be disregarded. (*Rogers v. Overton,* 87 Ind. 410.)

On the question of whether or not the minor is bound by the verdict, see *Watkins v. Lawton,* 69 Ga. 671; *Evans v. Collier,* 79 Ga. 319, 322; 4 S. E. 266; *Taylor v. Pullen,* 152 Mo. 434, 53 S. W. 1086; *Rima v. Rossie Iron Works, supra.*

A verdict should receive a reasonable construction, aided by the petition and in the light of the instructions. (14 Current Law, 2340, 2341, and authorities cited.)

A verdict is sufficient if it is intelligible and can be rendered certain by reference to the pleadings. (*James v. Wilson*, 7 Tex. 230; *Smith v. Johnson*, 8 Tex. 418; *Westphal v. Sipe*, 62 Ill. App. 111; *Texas & P. Ry. Co. v. Watkins* (Tex. Civ. App.), 26 S. W. 760; *Shannon v. Jones*, 76 Tex. 141, 13 S. W. 477.)

A judgment should not be reversed where the appellant does not show that he has been prejudiced by an erroneous ruling of the court below. (*Fegtly v. Village Blacksmith Min. Co.*, 18 Ida. 536, 111 Pac. 129; *Rowley v. Stack-Gibbs Lumber Co.*, 19 Ida. 107, 12 Pac. 1041; *Nobach v. Scott*, 20 Ida. 558; 119 Pac. 295; *Jones v. Parrish*, 1 Pinn. (Wis.), 494; *Green v. Gilbert*, 21 Wis. 395, 401; *Corcoran v. Harran*, 55 Wis 121, 12 N. W. 468; *Dawson v. Wisner*, 11 Iowa, 6.)

The district court may impose conditions upon the successful party to avoid the granting of a new trial in actions of either contracts or torts (*Brockman v. Berryhill*, 16 Iowa 183), and "upon condition that plaintiff will remit such sum as will, in the judgment of the court, leave the recovery not excessive." (*Pratt v. Pioneer Press Co.*, 35 Minn. 251, 28 N. W. 708.)

"When the assent of the party is obtained whom alone the correction will prejudice, the other party has nothing of which to complain; such order of the court being in his favor." (*Broquet v. Tripp*, 36 Kan. 700, 14 Pac. 227.)

A court may make a division of a judgment where the verdict of the jury has been for a lump sum. (*Galveston H. & S. A. Ry. Co. v. Johnson*, 24 Tex. Civ. App. 180, 58 S. W. 622.)

AILSHIE, C. J.—This action was instituted by the plaintiff Mrs. Ina M. Trask, on her own behalf and on behalf of her minor son, W. E. Trask, to recover damages alleged to have occurred through the negligence of the defendant company. The defendant answered and the case was thereafter tried by

the court with a jury and a verdict returned in favor of the plaintiff in the sum of $8,000, and this appeal is from the judgment made and entered therein and also from an order denying a new trial.

Appellant urges that the court erred in permitting the plaintiff at the close of the trial to amend her complaint by alleging that she brought the action for herself and on behalf of her minor son, W. E. Trask. This objection is based upon the contention that the amendment constituted an entirely new cause of action, and that no general guardian or guardian *ad litem* had been appointed for the minor, and for the further reason that the action was not prosecuted in the name of W. E. Trask.

It is clearly shown by the complaint, and indeed is admitted on all sides, that the action was commenced on the theory that the mother, *as the natural guardian of her minor son*, could, under the law, recover for the injuries sustained both by herself and her minor son through the negligence of the defendant.

A general demurrer to the complaint was filed but was overruled.

It appears from the answer that the defendant proceeded on the same theory as to the rights of the plaintiff to litigate the cause of action both in her favor and that of her minor son. The court seems to have accepted this theory of the case, and the evidence was admitted without objection tending to support and establish the allegations of the complaint upon this theory, and in a written order made by the court after the trial it is stated as follows:

"And while this case was undoubtedly tried by all parties on the theory that W. E. Trask was an interested party, and there is uncertainty as to the law applicable on some points involved, it appears proper to endeavor to correct the record so as not to prejudice the defendants' rights and to permit the judgment to stand," etc.

The case proceeded throughout the trial upon the theory above stated. The court prepared its instructions and had read them to the jury and the case was ready for argument

when the hour for the noon recess arrived.  At the opening
of the afternoon session, counsel for defendants came into
court and requested an additional instruction to the effect
that upon the face of the pleadings, the plaintiff could recover
only those damages actually sustained by herself and not
those sustained by her minor son.  After some argument,
counsel for plaintiff moved to amend the complaint by in-
serting in the title the additional words, ''For Herself and on
Behalf of Her Minor Son, W. E. Trask,'' and also proposed
other amendments.  Counsel for both parties consented to
these amendments and also consented to certain amendments
to the answer.  Thereafter additional instructions were
agreed upon and given to the jury by the court covering the
amendments.  It appears that forms of verdict had been pre-
pared by the court and were ready to be handed to the jury
before these amendments to the complaint and answer were
made and were not changed after the amendments, and that is
evidently the reason why the title was not changed to conform
to the amendments.

A motion for a new trial was made and on the hearing of
this motion, defendants raised for the first time the proposi-
tion that the minor was not bound by the judgment and that
the defendants could not be bound.  At that time W. E.
Trask applied to the court for the appointment of a guardian
*ad litem* by an order *nunc pro tunc,* as of the date of the
beginning of the trial.  Thereupon the court issued the order
authorizing the minor to apply for the appointment of some
suitable person as guardian *ad litem,* which appointment was
made, and also an order was made authorizing Mrs. Trask to
file a disclaimer of any interest in the judgment in excess of
$1,000, and authorizing the guardian *ad litem* to file a dis-
claimer on the part of the minor of any sum in excess of
$4,000.  The court concluded to reduce the judgment from
$8,000 to $5,000 or grant a new trial, and concluded to appor-
tion the judgment of $5,000 as above indicated.  Thereupon
Theodore Daniels was appointed as guardian *ad litem* for the
minor and the disclaimers required by the court were duly
filed.

The court thereupon entered judgment in favor of Mrs. Trask in the sum of $1,000 and in favor of the minor in the sum of $4,000.

It is not contended that the amendments so consented to involved the introduction of any further evidence or involved any new state of facts. The evidence establishing Mrs. Trask's cause of action in favor of herself as well as the evidence establishing the cause of action in favor of the minor had been submitted for consideration by the jury and upon that state of facts the case comes to this court.

It may be conceded in the outset that the objections here urged are well taken had they been timely and seasonably raised in the lower court. The appellant is now in the position, however, of urging a reversal of the judgment on errors that have been consented to or invited. It is contrary to the uniform holdings of the courts to allow a case to be reversed under such circumstances. Parties cannot stand by and permit the court to act with their consent, and without objection, and thereafter successfully wage objection on appeal. (*Nobach v. Scott*, 20 Ida. 558, 119 Pac. 295.) In this case counsel for the defendants recognized the minor son as the real plaintiff in the case throughout the trial of the case, and so the addition of his name after the trial was over was not in fact the addition of either a new party or a new cause of action in so far as it would have any tendency to either mislead or prejudice the adverse party. Under the provisions of sec. 4229, Rev. Codes, "the court may, in furtherance of justice and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party."

This action was admittedly filed and prosecuted on the theory that the mother as plaintiff, under the provisions of sec. 4099, Rev. Codes, could recover for the damages sustained by her minor son, as well as for those sustained by herself. The complaint alleged the general guardianship of the mother, and the defendants were notified by the allegations that the mother was suing for damages not only sustained by herself but by her minor son. Defendants came into court and an-

swered upon the same theory advanced by the plaintiff in her complaint, and the case was tried from the beginning to the time of giving instructions to the jury on that theory. The defendant should have raised this question by demurrer, but failed to do so. Under the provisions of sec. 4178, Rev. Codes, the failure to raise the questions here involved by demurrer must be deemed to have been a waiver.

It has been held by this court as well as by other courts that if there is a defect or misjoinder of parties, or lack of capacity to sue, that such question should be raised by demurrer, and if not so raised it is a waiver. (*Bonham Nat. Bank v. Grimes Pass Placer Min. Co.,* 18 Ida. 629, 633, 111 Pac. 1078; *Porter v. Title Guaranty & Surety Co.,* 21 Ida. 312, 121 Pac. 548.)

It must also be conceded that the action of the court was irregular, if not erroneous, in appointing a guardian after the case had been tried.

In *Rima v. Rossie Iron Works,* 120 N. Y. 433, 24 N. E. 940, it was held that the omission to appoint a guardian *ad litem* of an infant plaintiff before the bringing of an action is not a jurisdictional defect, but is an irregularity merely. To the same effect, see *Clowers v. Wabash etc. Ry. Co.,* 21 Mo. App. 213; *Wolford v. Oakley,* 43 How. Pr. (N. Y.) 118.

In *Drew v. Farnsworth,* 186 Mass. 365, 71 N. E. 783, the supreme court of Massachusetts suggests that the power to allow amendments in that state was a sufficient justification for granting relief "when some error has been made in a writ bringing a suit for a minor."

While the minor would not have been bound by the judgment had he not subsequently had a guardian appointed, he is bound where the guardian has been duly and regularly appointed and has come into court and accepted the judg- · ment, and thereby bound himself and his ward by the results of the trial previously had. This binds the minor.

In *Watkins v. Lawton,* 69 Ga. 671, the court, considering a kindred question, held that where one, for himself and as next of kin of certain minors, and to protect their interests, filed a bill in equity, to which a cross-bill was filed, the entire

matter litigated and a decree rendered, in the absence of all allegation or proof of fraud, the minor would be bound thereby, and persons acquiring rights thereunder would be protected, though no formal order appears appointing the complainant as guardian *ad litem* for the minors.

Counsel also contends that the verdict is uncertain and that the court erred in entering judgment upon it. It is an established rule that "A general verdict must be responsive to the issues made by pleadings sufficient in themselves, be consistent with the case, supported by the law and the evidence, in conformity with the instructions, sufficiently definite to support the judgment, and not in excess of the amount asked for in the pleading or of the amount proven. Mere informality will not vitiate a verdict if it appear that no injustice is done and the meaning is clear. . . . . A verdict should receive a reasonable construction, aided by the petition, and in the light of the instructions." (14 Current Law, pp. 2340, 2341.) Measured by this rule, we think the verdict is amply sufficient, as, between the parties, it finds for the plaintiff; it designates clearly the amount of the recovery and the judgment based upon this verdict does not go beyond it in any essential particular. It is not claimed by appellants that the verdict is not supported by the evidence. The most claimed is that it is indefinite, and that is not a ground for granting a new trial under the provisions of sec. 4439, Rev. Codes.

Under the provisions of sec. 4439, Rev. Codes, the verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved, for any of the causes enumerated in that section "materially affecting the substantial rights of such party." Sec. 4231, Rev. Codes, provides that "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and that no judgment shall be reversed or affected by reason of such error or defect."

It does not appear that any substantial rights of the appellants have been materially affected by any error or defect that

occurred in the proceedings or trial of this case. (*Fegtly v. Village Blacksmith Mining Co.*, 18 Ida. 536, 111 Pac. 129; *Rowley v. Stack-Gibbs Co.*, 19 Ida. 107, 112 Pac. 1041; *Nobach v. Scott*, 20 Ida. 558, 119 Pac. 295.)

In this case the jury rendered a verdict in favor of the plaintiffs for $8,000 and the court reduced it to $5,000, and apportioned that $5,000 between the minor and his mother. Both the mother and the minor are bound by the judgment as it comes here. It does not appear that the appellants were in any way injured by the action of the court in apportioning the judgment between the mother and the minor.

Not finding any reversible error in the record, the judgment should be affirmed, and it is so ordered, with costs in favor of the respondents.

Sullivan, J., concurs.

Petition for rehearing denied.