(June 12, 1915.)

RUDOLPH SCHULTZ and GUSTAV HOLZENDORF, Respondents, v. ROSE LAKE LUMBER COMPANY, Appellant, and ALBERT V. HOLZENDORF, Respondent.

[149 Pac. 726.]

LIENS UPON LOGS—PLEADINGS—ERRORS NOT AFFECTING RIGHTS OF PARTIES—FILING LIEN WITH LUMBER INSPECTOR.

1.  While it is the correct practice in a case of this kind to allege all the ultimate facts made necessary by statute to create a valid lien, and while the requirements in this behalf are not complied with by attaching a copy of the notice of claim to the complaint as an exhibit, where the defendant answers and denies the existence of such facts, the allegations of the answer are deemed to be controverted by the plaintiff and the issue is thus placed before the court.

2. A judgment will not be reversed by reason of an error or defect in the pleadings or proceedings which does not affect the substantial right of the parties.

3. A claim of lien, valid in all other particulars, is not void as against parties thereto by reason of not being filed with or recorded by the lumber inspector as provided by sec. 1503, Rev. Codes.

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. William W. Woods, Judge.

Action to foreclose a lien upon sawlogs. Judgment for plaintiffs. *Affirmed.*

J. E. Gyde, for Appellant.

There is no allegation in the complaint that Albert V. Holzendorf was either the owner of the logs or the agent of the owner. There must be an allegation of ownership. (*Adams v. Buhler*, 116 Ind. 100, 18 N. E. 269; *Wyman v. Quayle*, 9 Wyo. 326, 63 Pac. 988; *Knapp Electrical Works v. Mecosta Electrical Co.*, 110 Mich. 547, 68 N. W. 245.)

If Schultz was owing Albert V. Holzendorf on some other account a sum equal to or greater than the agreed value of Schultz's services on the logs and timber, then Schultz would not be entitled to a lien upon the logs and timber for such services. (*Tuckey v. Lovell*, 8 Ida. 731, 71 Pac. 122.)

That plaintiff annexed a copy of his notice of claim of lien to the complaint and made the same a part thereof, wherein certain allegations omitted in the complaint are found, will not cure the defects in the complaint. (*Sweeney v. Johnson*, 23 Ida. 530, 130 Pac. 997; *Ahlers v. Smiley*, 11 Cal. App. 343, 104 Pac. 997; *McPherson v. Hattich*, 10 Ariz. 104, 85 Pac. 731.)

A. G. Kerns, for Respondents, cites no authorities.

MORGAN, J.—Albert V. Holzendorf purchased from Gustav Holzendorf certain standing timber which he cut into

sawlogs and sold to Rose Lake Lumber Company. He employed Rudolph Schultz to haul the logs and having failed to pay for that service or to pay in full for the timber, Schultz filed a lien for his wages and Gustav Holzendorf filed a lien for the balance due upon the purchase price, making Albert V. Holzendorf and Rose Lake Lumber Company parties thereto. This action was commenced to foreclose the liens and the claim of Gustav Holzendorf was stated as the first, and that of Schultz as the second cause of action in the complaint. Albert V. Holzendorf failed to answer or otherwise appear and his default was entered. Rose Lake Lumber Company demurred to both causes of action and its demurrer was sustained as to the first cause and overruled as to the second. Gustav Holzendorf declined to further plead and Rose Lake Lumber Company answered the second cause of action. The trial resulted in a decree in favor of respondents which, omitting the introductory paragraph, is as follows, to wit:

"Therefore, it is hereby ordered, adjudged and decreed that the plaintiff Gustav Holzendorf do have and recover judgment against the defendant Albert V. Holzendorf for the sum of three hundred fifty-eight and 85/100 dollars ($358.85), with interest thereon at the rate of seven per cent per annum from July 11, 1913; the sum of five dollars for verifying and recording his lien; and the sum of seventy-five dollars as attorney fees, together with the costs of this action aggregating the sum of —— dollars ($——).

"It is further ordered that the plaintiff Gustav Holzendorf is entitled to a lien upon the timber cut from his premises amounting to the sum of 127,040 feet of white pine timber and logs, and 37,350 feet of mixed timber and logs branded 'B,' and that such lien relates to and bears date from February 1, 1913, and that the plaintiff is entitled to the foreclosure of said lien and the satisfaction of this judgment from the proceeds thereof, as against Albert V. Holzendorf but not against the Rose Lake Lumber Company, defendant.

"And it is further ordered, adjudged and decreed that the plaintiff Rudolph Schultz do have and recover of and from the defendant Albert V. Holzendorf the sum of one hundred

and forty-four dollars with interest thereon from the 22d day of May, 1913, at the rate of seven per cent per annum; the sum of five dollars for preparing, verifying and recording his lien; and the sum of fifty dollars as attorney's fees for foreclosing this lien, together with the costs of this action taxed at the sum of —— aggregating the total sum of —— dollars.

"That the amount of said judgment is hereby declared to be a lien upon 127,040 feet of white pine logs, and 37,350 feet of mixed timber and logs cut upon the northwest quarter of section thirty, township forty-eight north, of range 2 E., B. M., in Shoshone county, state of Idaho, the homestead claim of Gustav Holzendorf, between the 1st day of February, 1913, and the 11th day of July, 1913, and that the plaintiff be decreed to have the right to proceed hereunder for the foreclosure and sale of said timber and the satisfaction of this judgment from the proceeds thereof."

This appeal is from that portion of the decree granting unto Gustav Holzendorf a lien upon the logs and a right of foreclosure thereof; also from that portion granting unto Rudolph Schultz a personal judgment against Albert V. Holzendorf, awarding him a lien upon the logs and a right of foreclosure thereof.

It is urged by appellant that the demurrer to the second cause of action stated in the complaint should have been sustained for the following reasons:

1. There is no allegation in the complaint that Albert V. Holzendorf was either the owner or agent of the owner of the logs upon which Schultz alleges he performed the labor;

2. There is no allegation in the complaint that the performance of the labor was concluded within sixty days prior to filing the claim of lien;

3. There is no allegation in the complaint that at the time of commencement of the action or at the time the claim of lien was filed, there was any sum due from Albert V. Holzendorf to Schultz after deducting all just credits and offsets.

The matters of fact suggested by the foregoing objections to the complaint are necessary to be recited in a claim of lien for money due for labor performed upon sawlogs and they

were recited in the claim, which was attached as an exhibit to and made a part of the complaint.

In case of *Sweeney v. Johnson,* 23 Ida. 530, 130 Pac. 997, cited by appellant, this court decided:

"Pleading an instrument by attaching a copy of the complaint as an exhibit thereto does not tender an issue or involve an assertion of the truth of the statements and recitals contained in the exhibit; and in order to tender an issue as to the truth or correctness of statements and recitals contained in such exhibit, it is necessary to plead them in appropriate terms, and a defendant is not called upon to deny or traverse the statement and recitals contained in an exhibit unless the pleading to which such exhibit is attached alleges in appropriate terms the truth and correctness of the statement or statements which it is intended to tender as an issue or issues."

In that case the claim of lien had been referred to, attached as an exhibit and made a part of the complaint. At the conclusion of the introduction of evidence a motion was made by plaintiff to amend the complaint to conform to the proofs by alleging the reasonable value of plaintiff's services and of the materials furnished by him which allegations appeared in the claim of lien but not otherwise in the complaint. The trial court denied the motion apparently upon the theory that the complaint required no amendment in that particular. While holding, as above quoted, that the complaint was insufficient this court further said: "The amendment should have been allowed. Secs. 4225, 4226, 4229 and 4231 of the Rev. Codes are clearly intended to cover just such cases as this, and it was within the power of the trial court to order the amendment requested in this case, and we think it was his duty to grant the request." Sec. 4231, referred to by the court, is as follows:

"The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect."

Conforming to the mandate of said section the court affirmed the judgment in that case.

Undoubtedly it is the correct practice in cases of this kind
to allege in the complaint all ultimate facts necessary to create
a valid claim of lien.   It was alleged in the complaint, after
stating that Schultz performed 24 days' work for Albert V.
Holzendorf in hauling the logs in question, that said Holzen-
dorf transferred and delivered the logs to Rose Lake Lumber
Company.   Under the circumstances of this case said allega-
tion is sufficient to present an issue as to the ownership of the
logs.   Appellant alleged in its answer, upon information and
belief that, if Schultz ever performed any labor upon the
logs, more than sixty days had elapsed since the close of the
rendition of such services and prior to the filing of the claim
of lien; also that at the time the claim of lien was filed Albert
V. Holzendorf was not indebted to Schultz but that Schultz
was indebted to him in a sum in excess of $155.75.   Not only
was appellant not misled by the failure of plaintiffs to allege
that sixty days had not elapsed after the close of the rendition
of the services and before filing the claim of lien or by their
failure to allege that there was due to Schultz from Albert V.
Holzendorf the sum of money in the claim of lien stated, after
deducting all just credits and offsets, but it has in its answer
presented these issues which are deemed to be denied by the
plaintiffs.   Sec. 4217, Rev. Codes, provides, in part, as fol-
lows: "The statement of any new matter in the answer, in
avoidance or constituting a defense or counterclaim, must, on
the trial, be deemed controverted by the opposite party."   By
the allegations of the answer and by virtue of the statute above
quoted, the facts of filing the claim of lien in time and of the
indebtedness of Holzendorf to Schultz, after deducting all
just credits and offsets, were placed in issue.

Since no substantial right of the parties was affected by
reason of the defects in the complaint above mentioned, the
action of the trial judge in overruling the demurrer to the
second cause of action will be sustained, as directed by sec.
4231, *supra*.   (See, also, *Spongberg v. First Nat. Bank,* 15
Ida. 671, 99 Pac. 712; *Rowley v. Stack-Gibbs Lumber Co.,* 19
Ida. 107, 112 Pac. 1041; *Smith v. Field,* 19 Ida. 558, Ann.
Cas. 1912C, 354, 114 Pac. 668; *Nobach v. Scott,* 20 Ida. 558,

119 Pac. 295; *Richardson v. Bohney,* 26 Ida. 35, 37, 140 Pac. 1106; and *Trask v. Boise King Placers Co.,* 26 Ida. 290, 142 Pac. 1073.)

We are asked by appellant to so modify the decree as to make it perfectly clear that the logs are not to be sold in order to satisfy the judgment in favor of Gustav Holzendorf.

After making his findings of fact and conclusions of law the trial judge made the following supplemental findings and conclusion:

"The court further finds that on the 25th day of February, 1914, this court sustained a separate demurrer of the defendant, Rose Lake Lumber Company, to the first cause of action set .forth in the second amended complaint, being the cause of action set forth in said second amended complaint in favor of the plaintiff Gustav Holzendorf, and that on said day this court entered judgment dismissing the said first cause of action of the plaintiff Gustav Holzendorf, as to the defendant Rose Lake Lumber Company.

"The court further finds that the plaintiff, Gustav Holzendorf, has no lien upon or claim to the said logs described in said second amended complaint or any part thereof as against the defendant Rose Lake Lumber Company, and that any claim which the defendant Rose Lake Lumber Company has in or to the said logs is not subject to any claim of lien of the plaintiff Gustav Holzendorf.

"As a conclusion of law from the foregoing findings, the court finds that the plaintiff Gustav Holzendorf is not entitled to a decree or judgment of this court decreeing that the logs described in the second amended complaint are subject to any lien in favor of plaintiff Gustav Holzendorf as against any claim of the Rose Lake Lumber Company, but that the defendant Rose Lake Lumber Company is entitled to a decree of this court decreeing that any interest which the defendant Rose Lake Lumber Company has in or ·to said logs, or any claim the defendant Rose Lake Lumber Company has in or to said logs is not subject to any lien in favor of the plaintiff Gustav Holzendorf and decreeing that any claim which the defendant Rose Lake Lumber Company has in or to said logs

is a valid and superior claim as against the plaintiff Gustav, Holzendorf, and that the plaintiff Gustav Holzendorf's claim of a lien upon said logs is invalid as to the defendant, Rose Lake Lumber Company.''

The decree recites that Gustav Holzendorf is entitled to a lien upon the timber cut from his premises and that he is entitled to foreclose it and to satisfy his judgment from the proceeds as against Albert V. Holzendorf but not against Rose Lake Lumber Company. Manifestly the decree means that any interest Albert V. Holzendorf may still retain in the logs shall be held to be subject to the lien but that the interest of appellant shall not be so held. Appellant cannot complain of this construction of the language of the decree and it seems to have no other meaning.

Appellant further contends that the evidence fails to show that Albert V. Holzendorf was indebted to Schultz at the time his claim of lien was filed and at the time the action was commenced, but that, upon the other hand, it does show that at said times Schultz was indebted to Holzendorf. Testimony offered on behalf of respondents shows that Schultz hauled the logs, the amount of compensation agreed upon and that it had not been paid. It appears that at the time this action was commenced two actions were pending which subsequently resulted in judgments in favor of Albert V. Holzendorf and against Schultz and others, amounting, in the aggregate, to more than the amount of the claim of Schultz in this case, but it also appears that Schultz was only a nominal party defendant and that his codefendants owed the debt and he did not.

It is contended that the findings of fact are insufficient to sustain the decree and that the evidence is insufficient to sustain the findings. We are convinced that both the findings and evidence are sufficient.

Counsel for appellant filed a supplemental brief in which it is suggested there is neither allegation nor proof that the lien claimants filed or recorded their claims of lien with the lumber inspector as provided by sec. 1503, Rev. Codes, which is as follows:

"All mortgages, liens, bills of sale or other written instruments in any way affecting the ownership of any marked logs in any lumber district, shall specify the marks placed upon said logs and when they were cut, and shall be recorded in the office of the lumber inspector in which said marks were recorded; and no such conveyance, lien, mortgage or transfer shall be valid, except as to the parties thereto, until the same is so recorded, or until the same shall be filed with some deputy lumber inspector, who shall immediately forward such instrument to the inspector of the proper district. Such filing and recording of all such instruments and papers shall have the same effect as the recording of deeds and mortgages in the office of the county recorder."

This contention does not appear to have been made in the district court and it is not based upon any assignment of error, neither does it appear to be meritorious. Both the appellant and Albert V. Holzendorf were named as parties in the claims of lien, and as to such parties a lien, valid in all other particulars, is not void for failure to file or record it with the lumber inspector as provided in the section of the code above quoted.

We find no reversible error in the record and the decree is affirmed. Costs are awarded to respondents.

Sullivan, C. J., and Budge, J., concur.