(May 19, 1905.)

## HOLE v. VAN DUZER.

[81 Pac. 109.]

BILL OF EXCEPTIONS—SPECIFICATIONS OF ERROR—MOTION TO STRIKE—EQUITABLE RELIEF.

1. Under the provisions of section 4428, Revised Statutes, a bill of exceptions is not required to contain a specification of errors relied on unless the exception is to the verdict or decision upon the ground of the insufficiency of the evidence to sustain it. In that case the bill of exceptions must specify the particulars in which the evidence is not sufficient, and if it does not, a motion to strike will be sustained.

2. Where the plaintiff asks for equitable relief in the way of clearing his title from a tax sale, certificate and deed, and by his complaint shows that defendants have paid the tax upon the land in controversy and received his deed from the county, and further by his complaint tenders the money into court to reimburse defendant for all payments with statutory interest, equity will not decree him a clear title until he has reimbursed the defendants.

(Syllabus by the court.)

APPEAL from the District Court of Kootenai County. Honorable Ralph T. Morgan, Judge.

Judgment for the plaintiff.   Modified.

The facts are stated in the opinion.

Poindexter & Kimball and E. C. McDonald, for Appellants.

Respondent having recognized in his complaint the tax sale and tax deed, and alleging no defect in the same, nor in the proceedings on which they were based, is estopped from going back of the deed itself to attack these proceedings of the tax deed.   The facts showing this validity should be pleaded. (21 Ency. of Pl. & Pr. 487; 2 Estee's Pleading, sec. 3738; 11 Am. & Eng. Ency. of Law, 2d ed., 391, 447; *Glos v. Kingman & Co.*, 207 Ill. 26, 69 N. E. 632; *Mitchell Iron etc. Co. v. Flambeau Land Co.* (Wis.), 98 N. W. 530.)   The objection goes to the jurisdiction of the court, and can be raised at any time.   (6 Ency. of Pl. & Pr. 372, 373.)   The respondent is further concluded and estopped from raising any question as to the regularity of the assessment and levy of the tax by the allegation of his complaint that he is ready and willing to pay the appellants all taxes paid by them on the property, and his payment of money into court for that purpose. (*Herrick v. Niesz,* 18 Wash. 132, 51 Pac. 346; 11 Am. & Eng. Ency. of Law, 2d ed., 448, note 3; *Conklin v. Cullen,* 29 Mont. 38, 74 Pac. 72, 75.)   Appellant's title rests upon the tax deed. The statute (Idaho Rev. Stats. 1887, sec. 1555) makes the tax-deed *prima facie* evidence of the validity and regularity of eight specific matters, viz., the assessment, the equalization, the levy, the nonpayment of the tax, the sale, the failure to redeem, the execution of the deed by the proper officer, and the ownership of the land where it is sold for personal taxes. Of the regularity of every other proceeding the tax deed is made conclusive evidence.   (Idaho Rev. Stats. 1887, sec. 1556.) The tax deed conveys the absolute title.   (Idaho Rev. Stats. 1887, sec. 1557.)   Furthermore, the assessment-book is *prima facie* evidence ''that all forms of law in relation to the assessment and levy of such taxes have been complied with.''

(Idaho Rev. Stats. 1887, sec. 1558.)   But no assessment or act relating to the assessment or collection of taxes is illegal on account of informality.   (Idaho Rev. Stats. 1887, sec. 1704.)   These statutes have reversed the common-law rule, shifted the burden of proof from the tax purchaser to the party attacking his title, rendered' obsolete the old tax decisions, and worked a complete revolution in the law of tax titles—putting them upon a solid basis.   (Black on Tax Titles, secs. 448, 449, 452; *Davis v. Pacific Imp. Co.,* 137 Cal. 245, 70 Pac. 15, 17; *Hayes v. Ducasse,* 119 Cal. 682, 52 Pac. 121; *O'Grady v. Barnishel,* 23 Cal. 287; *Lacey v. Davis,* 4 Mich. 140, 157, 66 Am. Dec. 524.)   "He who seeks equity must do equity," and respondent could not recover the land under any circumstances without first reimbursing appellant for the taxes and charges paid thereon.   (*Black v. Johnson,* 63 Kan. 47, 64 Pac. 988; Black on Tax Titles, sec. 442; *Parks v. Watson,* 20 Fed. 764; *Smith v. Prall,* 133 Ill. 308, 24 N. E. 521; *Miller v. Cook,* 135 Ill. 190, 25 N. E. 756, 10 L. R. A. 292, and note at pp. 292, 296, 297; *Yeamans v. Lepp,* 167 Mo. 61, 66 S. W. 957, 961; *Glos v. Cratty,* 196 Ill. 444, 63 N. E. 690, 691; *Dixon v. Eikenberry* (Ind. App.), 65 N. E. 938; *Mercer v. Justice,* 63 Kan. 225, 65 Pac. 219, 220; *McClain v. Batton,* 50 W. Va. 121, 40 S. E. 509; *Crisman v. Johnson,* 23 Colo. 264, 58 Am. St. Rep. 224, 47 Pac. 296, 298; *Williams v. Chaplain,* 112 La. 1075, 36 South. 859.)

A. E. Gallagher, for Respondent.

Section 4428 of the Revised Statutes of 1887 provides: "No particular form of exception is required.   But when the exception is to verdict or decision upon the grounds of the insufficiency of the evidence to sustain it, the objection must specify the particulars in which such evidence is alleged to be insufficient."   (*Eddelbuttel v. Durrell,* 55 Cal. 277; *Shepherd v. Jones,* 71 Cal. 223, 16 Pac. 711.)   In *Warren v. Stoddart,* 6 Idaho, 692, 59 Pac. 540, this court held that when the record was brought here by bill of exceptions that this court would not review the insufficiency of the evidence to sustain

the findings unless the specifications of the insufficiency of the evidence was set forth in the bill of exceptions as required by section 4428 of the Revised Statutes of 1887. (See, also, *Pralus v. Pacific G. & S. M. Co.,* 35 Cal. 30-37; *Lamance v. Byrnes,* 17 Nev. 197, 30 Pac. 700, 701; *In re Strock,* 128 Cal. 658, 61 Pac. 282, 283; *Mader v. Taylor-Romney-Armstrong Co.,* 15 Utah, 161, 49 Pac. 255; *Spotts v. Hanley,* 85 Cal. 155, 24 Pac. 738.) We contend further that the answer on the question of title is insufficient because it did not allege the facts, which if true show that the tax sale was regular and valid; all the steps leading up to the tax sale, including the assessment, equalization, nonpayment of taxes, advertising, sale, nonredemption from sale, tax deed and transfer to defendants, should be alleged in the answer. The defendants were relying upon certain specific facts as constituting their defense to the plaintiff's complaint. These facts must be stated, not conclusions of law. The appellants allege certain conclusions. The name of owner of land, amount of assessment, nonpayment of taxes, the kind, length of time of advertisement are not given. In fact, no fact is stated. The presumption that the tax and certain other things mentioned in statute are regular is a rule of evidence, and not a rule of pleading, and the setting up of a regular tax deed does not dispense with the necessity of allegations of all the facts which make that deed regular. (*Russell v. Mann,* 22 Cal. 132, 134; *Himmelman v. Danos,* 35 Cal. 441, 449; *Gage v. Harbert,* 145 Ill. 530, 32 N. E. 543, 544; *Jones v. Miracle,* 93 Ky. 639, 21 S. W. 241; *People v. Central Pac. Ry. Co.,* 83 Cal. 393, 23 Pac. 303, 305; Black on Tax Titles, 2d ed., sec. 462.) The following cases fully sustain our contention that the statutory recitals must be strictly followed, that the recitals given in the certificate and deed are insufficient, and that the tax deed is void on its face because of these facts: *Grimm v. O'Connell,* 54 Cal. 522, 524; *Hubbell v. Campbell,* 56 Cal. 527, 532; *De Frieze v. Quint,* 94 Cal. 653, 28 Am. St. Rep. 151, 30 Pac. 1; *Anderson v. Hancock,* 64 Cal. 455, 456, 2 Pac. 31; *Hughes v. Cannedy,* 92 Cal. 382, 28 Pac. 573, 574; *Duncan v. Gillette,* 37 Kan. 156, 14 Pac.

479, 482; *Spurlock v. Allen,* 49 Mo. 178; Black on Tax Titles, 2d ed., sec. 398; 25 Am. & Eng. Ency. of Law, 1st ed., p. 683. If appellants had any lien against the property by reason of their owning any tax certificate or having paid any taxes, this is an affirmative defense, and one of the things appellants were required to set up in their answer or cross-complaint, in order to get any benefits of it, and not having done so, cannot now assert any lien against the property on that ground. Appellants can claim only the interest they assert in their answer. (*Fry v. Summers,* 4 Idaho, 424, 39 Pac. 1118; *Pennie v. Hildreth,* 81 Cal. 127, 22 Pac. 398-400; *Snodgrass v. Parks,* 79 Cal. 55, 21 Pac. 429, 431; *Winter v. McMillan,* 87 Cal. 256, 22 Am. St. Rep. 243, 25 Pac. 407; *Burton v. Huma,* 37 Fed. 738; *Weston v. Estey,* 22 Colo. 334, 45 Pac. 367; *Stuart v. Lowry,* 45 Minn. 91, 51 N. W. 662; *Riverside Land Co. v. Pietsch,* 35 Wash. 210, 77 Pac. 195, 197; 17 Ency. of Pl. & Pr. 349.) Furthermore, there is no allegation either in the complaint or answer, and no evidence, of the amount of taxes paid by appellants. (*Harper v. Rowe,* 53 Cal. 233, 238; *Axtell v. Gerlach,* 67 Cal. 483, 8 Pac. 34; *Power v. Larabee,* 2 N. Dak. 141, 49 N. W. 724, 727; *Perham v. Haverhill Fibre Co.,* 64 N. H. 485, 14 Atl. 462; *McCormick v. Edwards,* 69 Tex. 106, 6 S. W. 32, 33; Black on Tax Titles, 2d ed., sec. 463; Cooley on Taxation, 2d ed., pp. 476-553.)

STOCKSLAGER, C. J.—This is an appeal from the judgment of the district court of Kootenai county, made and entered on the ninth day of April, 1904. The action involved the title to all of section 9, township 51, north of range 4 west, Boise meridian in Kootenai county, state of Idaho. In his complaint the plaintiff claims to be the owner of the fee of said premises; that the defendants, and each of them, claim an estate or interest in or a lien upon said premises adverse to the title and claim of said plaintiff.

The third allegation is that the claims of said defendants, and each of them, in and to said premises are all without any foundation, right or legality whatever, either in law or in equity, and that said defendants, or any of them, have not

any estate, right, title or lien or interest whatever in or to said premises, or any part thereof.

The fourth allegation is: ''That heretofore on the thirteenth day of February, 1903, and before the commencement of this action, this plaintiff tendered to the defendants, and each of them, in person, the sum of $730.65 gold coin of the United States. Said tender was made to said defendants, and each of them, for the purpose of paying the defendants, and each of them, any sum or sums, with interest thereon, from the time of the payment by the defendants, which defendants, or any of them, might have heretofore paid in way of taxes assessed against said lands for any year or years, and to pay, satisfy and discharge any lien or equity which defendants, or any of them, might have against said land by virtue of the defendants, or any of them, having obtained a tax deed against said land, or by the assignment of any tax lien or liens against said land, of all of which purposes of said tender defendants, and each of them, were fully advised by the plaintiff at the time plaintiff made such tender to defendants, which tender was then and there refused by the defendants and each of them; and the plaintiff now brings said money into court and deposits the same with the clerk of this court, subject to the order of the court, and for the purposes above mentioned. That said sum so tendered was at the time of said tender sufficient in amount to pay defendants, and each of them, for all sums which defendants, and each of them, had before that date paid for taxes on said land, together with interest thereon at the rate of twelve per cent (12%) per annum from time of such payment to the time of such tender, and to pay and satisfy any tax certificate or tax certificates which the said defendants, or any of them, may hold or have purchased against said land, together with interest at the rate of twelve per cent (12%) per annum from the time of payment to the date of tender on the amount paid therefor by the defendants. That defendants paid the following sums at the following times, and no more, to wit: For assignment of tax certificate against said land, $479.45. Principal paid therefor on July 27, 1901, by defendants. For

taxes on said land for the year 1901, paid October 16, 1901, the sum of $63.36, paid by defendants. For taxes on said land for the year 1902, paid by defendants, December 23, 1902, at twelve per cent per annum, $103.86. That the plaintiff is now, and always has been able, ready and willing to pay any sum or sums that this court may find due to the defendants, or any of them, on account of taxes paid on said land, and interest thereon or on account of the purchase of, or on any tax certificate or certificates, or the assignment thereof to the defendants, or any of them, and now offers to make such payment to the defendants, and to abide by the order and the decree of the court in that behalf. Wherefore, plaintiff prays that said defendants, and each of them, may be required to set forth the nature of his claim in and to said premises, and that all adverse claims of the defendants, and each of them, in and to said premises, or any part thereof, may be determined by a decree of this court." It seems that a demurrer was filed to this complaint, but thereafter and on the fourth day of April, 1903, the defendants waived the demurrer and filed their answer denying each and every allegation contained in the third paragraph of the complaint; alleged that, "in addition to the several sums specified in the fourth paragraph of said complaint, amounting to $710, and heretofore tendered to the said defendants herein, as alleged in the said complaint, the said sum, the defendants have paid to the duly authorized tax collector in the county of Kootenai, state of Idaho, the sum of $19.20 then due as special road tax on the said property on the eighteenth day of July, 1902, and that neither the same nor any part of the accumulated interest thereon as provided by law has been paid or tendered to these defendants, or any of them, by the said plaintiffs, or at all." Then follows an allegation that the real estate described in the complaint was duly assessed for the state, county, school and road taxes for the fiscal year ending January 13, 1896, by the proper officer in and for the county of Kootenai, state of Idaho, and that the said taxes, together with interest and charges thereon, became delinquent, whereupon the said property was by J. P. Quarles, the then and there duly elected,

qualified and acting tax collector in and for the said county and state, duly listed in a list of delinquent taxes, as provided by law, which list was properly filed, and after due publication of notice thereof, as provided by law, the said tax collector sold, in accordance with the provisions of the statute, the said land to the said county of Kootenai for the said taxes, charges, costs, and interest, amounting to $76.64, on the eighteenth day of July, 1896; that the said property had never been redeemed from the said sale and that on the eighteenth day of July, 1898, John C. Callahan, then and there the duly elected, qualified and acting tax collector in and for said county, duly made, executed, acknowledged and delivered to the said county of Kootenai on account of and in compliance with the tax sale aforesaid, his tax deed in writing, a copy of which is set up in full in the answer.

The next allegation is that thereafter and on the thirtieth day of November, 1901, in accordance with law and in full compliance with all the provisions of the statutes of said state, the said county of Kootenai, by the board of county commissioners thereof, duly transferred and conveyed the said property to the said defendant, Daniel Van Duzer, by a deed in writing duly executed, acknowledged and delivered by the said board of county commissioners to the said Daniel Van Duzer, which was duly recorded, etc. This tax deed is also set out in full in the answer. Then follows an allegation that thereafter Van Duzer, by certain deeds in writing, duly executed, acknowledged and delivered, conveyed a certain undivided interest in the said property to the other defendants herein.

The next allegation is that the said defendants have paid to the county of Kootenai, or the proper tax collector thereof, all taxes assessed, due and collectible upon the said lands and premises for each and every year since said thirteenth day of January, 1896, and that the said plaintiff at all the said times had full knowledge of all the proceedings heretofore set forth and of the payment of said taxes by these defendants as aforesaid. It is then averred that thereafter, and in pursuance of the authority conferred upon them by the deeds

aforesaid, the said defendants entered upon the lands described in said complaint and took possession thereof and exercised acts of ownership thereof; and that the defendants allege that they are now the owners described in fee of the said described lands and entitled to the immediate possession thereof.

Defendants further allege that this action was not commenced by the plaintiff herein within five years from the date when the cause of said action accrued, and that the same is barred by the statute of limitations. Then follows the prayer that defendants be adjudged to be the owners in fee simple of the lands described in the complaint herein and entitled to the immediate possession thereof; and that it be decreed that the plaintiff has no interest, claim nor estate in or to the said lands or premises, or any part thereof. Upon these pleadings this cause was tried by the court and at a later date findings and conclusions were filed and a decree entered accordingly.

The findings and conclusions are as follows: 1. That the equities in this case are with the plaintiff; 2. That the matters and things alleged and set forth in the plaintiff's complaint herein are true and correct as therein set forth; 3. That on the eighteenth day of July, 1898, John C. Callahan, tax collector of Kootenai county, made and executed the deed as set up in the answer of defendants, to Kootenai county; 4. That on the thirtieth day of November, 1901, the board of county commissioners of Kootenai county, by its chairman, R. D. McKinnis, made and executed the deed as set up in the answer to defendant, Daniel Van Duzer; 5. The court finds that after November 30, 1901, and before the commencement of this action, the defendant, Daniel Van Duzer, made and executed a deed wherein and whereby he purported to convey to the defendants, J. A. and Guy A. Uhlig, an interest in the property described in the complaint; 6. That none of the other allegations of the answer are sustained by the evidence.

The conclusions of law are: 1. That the plaintiff was entitled to a decree of this court adjudging that he is the owner in fee simple of the lands described in the complaint, and that

none of the defendants have any right, title or interest in or lien upon said property, or any of it, and quieting the title thereto in the plaintiff as against defendants; 2. That the defendants not having shown that they had any lien on the property described in the complaint, and having claimed title to said property, instead of a lien thereon, and having shown no right thereto, and not having accepted said money as tendered, that the plaintiff is entitled to a return of the money tendered into court at the time he filed his complaint herein. After the findings and conclusions were filed and the decree rendered and entered, defendants filed the following exceptions: "Defendants except to the first finding of fact, for the reason that the same is not supported by the evidence, and the evidence is insufficient to sustain the same, and the evidence introduced on behalf of the plaintiff in the said action is insufficient to overcome the presumption created by the tax deed executed to the county of Kootenai, as shown by the pleadings herein, and for the further reason that said finding is too general and does not pretend to specify the defects, if any, in the tax proceedings upon which the said tax deed was based. Defendants except to the second finding of fact upon the same grounds stated above. Defendants except to the sixth finding of fact upon the same grounds as above stated. Defendants except to the first conclusion of law, for the reason that the same is not supported by the evidence herein, and that there are no findings of fact herein upon which the said conclusion can be supported, in this, that there are no findings of fact of any defect or irregularity in the tax proceedings upon which the deeds to the defendants herein were based, and that the presumption created by the tax deed to the plaintiff as shown by the pleadings and the findings of the court herein is not overcome by the evidence or by any finding of fact in this case. Defendants except to the second conclusion of law herein upon the same grounds last above stated, and upon the further ground that, even in case the said tax deed was irregular and void, that he who seeks equity must do equity, and before the plaintiff can recover the lands herein involved from the defendants, the said defendants must

be reimbursed for the money paid out by them in the way of taxes, interest, penalties and costs thereon."

On the fifteenth day of March, 1905, the respondent filed a motion in this court to strike from the transcript filed in the above-entitled cause the bill of exceptions contained in the transcript beginning with the words "bill of exceptions," at folio 72, on page 24, of the transcript, down to and including the name "W. J. Thayer" at the end of folio 197, on page 66, of said transcript, for the reason that said bill of exceptions does not specify the particulars in which the evidence is alleged to be insufficient to sustain the decision of the court, as required by section 4428 of the Revised Statutes of Idaho for 1887. This motion is made upon the record and proceedings filed in this court and cause, and particularly upon said bill of exceptions as contained in said transcript on file herein.

In support of this motion counsel for respondent calls our attention to section 4428, Revised Statutes, which reads as follows: "No particular form of exception is required. But when the exception is to the verdict or decision, upon the grounds of insufficiency of the evidence to sustain it, the objection must specify the particulars in which such evidence is alleged to be insufficient. The objection must be stated, with so much of the evidence or other matter as is necessary to explain it, and no more. Only the substance of the reporter's notes of the evidence shall be stated. Documents on file in the action or proceeding may be copied, or the substance thereof stated, or a reference thereto, sufficient to identify them, may be made."

Our attention is called to a decision of this court in *Warren v. Stoddard*, 6 Idaho, 692, 59 Pac. 540. This opinion was written by Mr. Justice Sullivan, and concurred in by his associates. We quote the following language from this decision: "Counsel for respondent cite several cases wherein it is held that a statement on motion for a new trial must specify the particular errors relied on or it will be disregarded. Those authorities are in accord with subdivision 3, paragraph 4441, which provides, *inter alia,* that the statement on motion for a new trial shall specify the particular errors upon which the party relies, and, if it does not, such statement shall be dis-

regarded on the hearing of the motion. That provision and the authorities cited do not apply in this case, as no statement on motion for a new trial is involved. Under our statute (sections 4426 to 4483, inclusive, which treat of exceptions and bills of exceptions), there is no requirement that a bill of exceptions shall contain a specification of errors relied on, except when the exception is to the verdict or decision upon the grounds of the insufficiency of the evidence to sustain it, in which case the bill must contain a specification of the particulars in which the evidence is alleged to be insufficient." Other authorities are cited in support of this contention, but we think the plain provision of the statute and the construction of section 4428 by this court in *Warren v. Stoddart* is sufficient for the purpose of passing upon this motion.

To our minds, there is a good and sufficient reason for the enactment of this section of the statute. In justice to the trial court, where an application for a new trial is made, either upon a statement or a bill of exceptions, it is only fair that his attention should be called to such evidence as in the opinion of the moving party would warrant him in granting a new trial. It may also be said that the attorney or attorneys representing the respondent should be informed of the particulars in which it is alleged that the evidence is insufficient, in order that they might bring up for review in the district or this court all the evidence bearing upon the question in controversy.

Justice Sullivan, in the *Warren v. Stoddart* case, *supra,* in distinguishing between the rule governing statement and bill of exceptions uses this language: "It, no doubt, is good practice to specify the particular errors relied on in a bill of exceptions prepared after trial for the purpose of use on a motion for a new trial. The principal difference between a statement on motion for a new trial and a bill of exceptions is this: The former must contain a specification of the errors relied on or it will be disregarded; and the latter need not contain such specification unless the exception is to the verdict or decision upon the ground of the insufficiency of the evidence to justify it."

In our view of the case this motion will have to be sustained, and it is so ordered. This leaves the judgment-roll to be considered by the court. It is shown by the complaint that at the time of the filing thereof, the plaintiff was aware of the fact that the defendants in this action had paid certain sums of money amounting to about $73.65, or at least, tendered to the defendants said sum as alleged, in full payment of all taxes, interest and penalties to the defendant, paid in pursuance of their claim to the right of the fee simple and possession of said tract of land.

It is also shown by the complaint that when the defendants refused to accept this sum of money, the plaintiff deposited the same in the hands of the clerk of the court for the use and benefit of the defendants in this action, and in full payment of any claim they might set up or have against the plaintiff for such taxes, costs and penalties theretofore paid to the county of Kootenai. It would seem from this, that the plaintiff at that time was imbued with the idea that when he came into a court of equity asking for equitable relief, he recognized the old familiar rule "that he who seeks equity must do equity." It will be observed that the third finding of fact is: "That the matters and things alleged and set forth in plaintiff's complaint herein are true and correct as therein set forth." The answer alleged practically the same facts with reference to the payment of taxes, yet the sixth finding of fact is that none of the allegations of the answer are sustained by the evidence with the exception of the execution of the deed and the delivery thereof by Kootenai county to defendant Van Duzer, the conveyance from Van Duzer to the Uhligs and the deed by the tax collector of Kootenai county to Kootenai county. The second conclusion of law to our minds is erroneous.

The mere fact that defendants set up title and hence refused to accept the tender of full payment of all taxes, and interest and penalties due, is not sufficient to warrant a court of equity in saying that because they were unable to show a better title than the plaintiff, they should lose all they had

paid, the plaintiff receiving the full benefit of all such payments.

This court is inclined to accept his view of that which was right, equitable and just when he filed his complaint and we can see no good reason why he should be relieved from the payment to the defendants in this action of all the taxes, penalties and costs, together with interest thereon that they had incurred prior to the filing of this complaint. It is therefore ordered that this judgment be so modified that the plaintiff shall pay into the hands of the clerk of the district court of Kootenai county, for the use and benefit of the defendants in this action, the said sum of $720.65; and the cause is remanded with directions that the judgment herein be modified accordingly; that the title of plaintiff be not quieted until such sum is paid as above directed. Each party to pay his or their own costs of this appeal.

Ailshie, J., and Sullivan, J., concur.