(May 4, 1920.)

JOYCE BROTHERS, a Copartnership, Respondent, **v.** ROBERT N. STANFIELD, Appellant.

[189 Pac. 1104.]

DAMAGES — PLEADING AND PRACTICE — EVIDENCE OF VALUE — EXPERT TESTIMONY—HARMLESS ERROR—INSTRUCTIONS.

1. In an action to recover damage for the destruction of vegetation growing on plaintiff's land, where it is alleged in the complaint and denied in the answer that the premises were of great value for pasturage purposes, it is competent to show that plaintiff had theretofore used, and intended thereafter to use, the land as a pasture.

2. In an action to recover damage for destruction of pasturage which did not have a market value, testimony of witnesses, skilled and experienced in raising and feeding livestock in the community where it was destroyed, as to its value, is competent.

3.  It is the duty of the judge, and not of the jury, to determine the qualifications of a witness to give expert testimony.

4.  An error by the trial judge, which could not have resulted in the disadvantage of appellant, cannot be made the basis of the reversal of a judgment.

5.  Error cannot be predicated on failure to instruct the jury as to the measure of damages, in the absence of a request for such instruction.

APPEAL from the District Court of the Third Judicial District, for Owyhee County.   Hon. Carl A. Davis, Judge.

Action for damages.   Judgment for plaintiff.   *Affirmed.*

Ed. R. Coulter, for Appellant, cites no authorities on points decided.

Elliott & Healy, for Respondent.

In proving values in the ordinary case, it is not necessary to qualify the witness as an expert.   (*McKissick v. Oregon Short Line Ry. Co.,* 13 Ida. 195, 89 Pac. 629; *Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108.)

It is proper to permit a witness to give his estimate as to values, after having stated his grounds for the estimate. (Jones on Evidence, 2d ed., par. 363; *Roseborough v. Whittington,* 15 Ida. 100, 96 Pac. 437.)

A party desiring specific instructions must request that they be given.   (*Barter v. Stewart Mining Co.,* 24 Ida. 540, 135 Pac. 68; *Nichol v. Laumeister,* 102 Cal. 658, 36 Pac. 925.)

MORGAN, C. J.—This is an appeal from a judgment based on a verdict awarding damages because of trespass by appellant's sheep on inclosed land of respondent and the destruction by them of wild vegetation growing thereon which was valuable for pasturage purposes.

---

3.   Qualification of witness as expert as matter resting in discretion of court, see note in **Ann. Cas. 1912D, 817.**

Appellant assigns as error the action of the court overruling his objection to a question propounded to a witness for respondent as to the use to which the latter had put or intended to put the land. The objection questioned the materiality of the fact sought to be shown because no foundation had been laid in the pleadings for the recovery of special damages.

The question was competent and the fact thereby sought to be brought out was material to establish the following allegation in the complaint which was denied in the answer: "That said premises are inclosed by a fence, and the lands comprising the same are of great value to plaintiffs for pasturage purposes, nutritious grasses, vegetation and undergrowth of great value growing thereon naturally and without cultivation."

The court overruled appellant's objection to questions by which it was sought to show the value of the vegetation destroyed. It appears the witnesses did not know of like property having been sold in that vicinity, and the questions called for answers based on their knowledge of values acquired as farmers and stock-raisers of long experience in that part of the country. The evidence justifies the conclusion that the property destroyed did not have a market value and, therefore, testimony of witnesses, skilled and experienced in raising and feeding livestock in the community where the pasturage was destroyed, was competent to establish its value. (17 Cyc., pp. 123, 127.)

After overruling an objection to the testimony of one of the above-mentioned witnesses, as to the value of the property destroyed, which was based on the ground, as stated in the objection, that "he hasn't shown he possesses any knowledge upon which to make a computation in dollars and cents as to the value of these things," the judge remarked: "It is for the jury to determine his qualifications."

The ruling on the objection was correct and the remark was erroneous. The only mistake the judge's remark invited the jury to make was to pass on the qualifications of respondent's witness to testify as to the value of the prop-

erty.   If it reached the conclusion he was qualified, it cured the judge's error.   If it reached the conclusion he was not qualified, and disregarded his testimony on that point, the error was to appellant's advantage and cannot be made the basis of a reversal.

Appellant complains of failure to state in the charge to the jury the measure of damages applicable to the case. Neither party asked that instructions be given on any point. It is provided in C. S., secs. 6847, 6848 and 6849, that either party may submit to the judge instructions as to the law governing the case and ask that they be given to the jury, and the judge may give other and further instructions of his own motion.   Error cannot be predicated on failure to instruct as to the measure of damages, in the absence of a request for such instruction.   (*Barter v. Stewart Mining Co.*, 24 Ida. 540, 135 Pac. 68; 14 R. C. L. 795.)

The judgment appealed from is affirmed.   Costs are awarded to respondent.

Rice and Budge, JJ., concur.