(No. 5142. March 25, 1929.)

HARRY APPLEBAUM, Respondent, v. S. D. STANTON and NATIONAL SURETY COMPANY, Appellants.

[276 Pac. 47.]

A. B. Barclay, O. W. Worthwine and Hawley & Hawley, for Appellants.

O. C. Hall and E. D. Reynolds, for Respondent.

ADAIR, District Judge.—In an action on a debt, and as ancillary thereto, a writ of attachment issued. The sheriff duly made return that he had levied upon certain personal property of the defendants. After the entry of judgment in favor of plaintiff, execution was issued and delivered to the sheriff for service, but he returned same *nulla bona*. Demand was made upon him to levy upon and sell the attached property, and when this was not done the present action was commenced to recover from him, and the surety on his official bond, the amount of the judgment thus obtained. The jury returned a verdict for the defendants. Later a new trial was granted, the trial court clearly speci-

fying in the order that the new trial was allowed because of two certain instructions given, which the court deemed erroneous. From this order the cause is here on appeal. The only question presented is whether the lower court erred in ordering a new trial upon the grounds assigned.

On the trial the plaintiff proved the facts first above stated, and offered some evidence as to the number, quantity and value of the various animals, crops and personalty enumerated and described in the sheriff's return to the writ. The answer was a general denial, and the defenses to the action sought to be made were that a deputy sheriff, acting under the express direction of respondent, had appointed a keeper selected and designated by the respondent himself, and that the sheriff was consequently not liable for the subsequent loss of the property; that the attached property, or some of it, was exempt from execution, the owners having presented claim for exemption in a legal manner; that the potatoes were, at the time of the levy, growing and in the ground, and not capable of manual delivery; and that all the property was covered by chattel mortgages of record, appearing valid on their face, and that the attaching creditor did not comply with C. S., sec. 6378, by paying or tendering to the mortgagees the amounts due under the mortgages, nor did he elect to attach only the equity of redemption of the mortgagors, for which reason the property was not subject to an attachment levy or lien.

The testimony of the deputy sheriff was to the effect that respondent gave him instructions to appoint a Mr. Poole as keeper. This testimony was admitted without objection whatsoever, except that in one single instance the record discloses the following:

"Q. Would you have appointed him keeper if Applebaum hadn't told you to?

"Mr. Hall: I object to that as incompetent, irrelevant and immaterial, as verbal instructions in no way bind the sheriff.

"Court: Objection overruled."

This objection was made after the witness had testified at length that Poole was appointed by him under instructions

given by respondent. At no stage of the trial did counsel, by objection, suggestion, motion to strike evidence, request for instructions or otherwise, raise the question or suggest to the court the relevancy of C. S., sec. 3605, which in effect provides that no direction to a sheriff by a party or his attorney, in respect to the execution of any process is available to such officer, to discharge or excuse him from liability for neglect or misconduct, unless contained in a writing signed by the party or his attorney. The cause was tried, in so far as this particular defense is concerned, on the theory that the plaintiff in an attachment suit has control of the writ, and if he instructs or requests the officer to appoint a particular person the keeper of personal property, the sheriff is not liable for the negligence of such keeper. This generally is the law. (1 Freeman on Executions, 3d ed., pp. 401, 402; 1 Shinn on Attachments, pp. 726, 727; *Citizens' Nat. Bank v. Loomis,* 100 Iowa, 266, 62 Am. St. 571, 69 N. W. 443; *Donham v. Wild,* 19 Pick. (Mass.) 520, 31 Am. Dec. 161; *Willard v. Goodrich,* 31 Vt. 597.) In Idaho this principle, however, is limited by the provisions of the above statute.

The court instructed the jury fully on all other phases of the case, especially as to the manner in which levies may be made on personalty not capable of manual delivery, the statutory provisions relative to levying upon property covered by chattel mortgages, and as to exemptions and claims therefor, and then gave the two instructions complained of, and for the giving of which the motion for new trial was granted. These instructions will not be here set forth *in haec verba.* In substance, Instruction No. 6 stated that if the keeper was appointed at the instigation, request or suggestion of plaintiff the sheriff would not be liable for the negligence of such keeper. Instruction No. 7 was to the general effect that while it was the duty of the sheriff to make the levy, he is subject at all times to the direction of the plaintiff, and that an attaching creditor who undertakes to suggest or control the acts of the officer makes the keeper his agent, and not the agent of such officer. Ob-

viously, these instructions were erroneous, to the extent, at least, that they did not embrace the provisions of C. S., sec. 3605, *supra*. Counsel did not call the attention of the trial court to the applicability of this statute, and the instructions given were in accordance with the general law on the subject in jurisdictions not having statutory provisions similar to those in this state, and were in full accord with the theory on which the case was tried. The new trial was granted because of these two instructions, and for no other reason. Although these particular instructions were clearly erroneous in the form presented, and ought not to have been given, yet the respondent made no objection thereto during the trial and was not prejudiced thereby. The undisputed evidence shows that the chattels were covered by mortgage at the time of the purported levy. The fact that one of the mortgages was, in another action long after, adjudicated to be fraudulent and void does not alter the situation which existed at the time of the attachment levy. The mortgage was filed and of record, and was then apparently a valid and subsisting lien on the chattels. No payment or tender was made to the mortgagee by the attaching creditor, neither did he elect to attach only the equity of redemption of the mortgagor in and to such property. The respondent could not have required the sheriff to seize mortgaged chattels under a writ of attachment without first complying with sec. 6378, *supra*. Had the sheriff actually seized the chattels himself, and thereafter wrongfully disposed of them, the respondent would have had no cause of action against him, under the facts in this case.

 It would seem that, independent of the defense that the respondent procured the sheriff to appoint a keeper designated by him, still respondent could not have prevailed in this action. Under the law of the case, as stated in the charge to the jury on the other defenses, that body could have arrived at no other verdict than the one rendered. The same verdict would be inevitable upon another trial.

Error of the court which could not have resulted to the disadvantage of appellant, cannot be the basis for a reversal

of the judgment. (*Joyce Bros. v. Stanfield,* 33 Ida. 68, 189 Pac. 1104; *W. T. Rawleigh Co. v. Van Duyn,* 32 Ida. 767, 188 Pac. 945.) Neither can harmless error be a proper ground for a new trial. It is not sufficient to merely demonstrate abstract and academic propositions of law pertaining to alleged erroneous instructions, unless it can also be shown from the entire record and testimony that the erroneous instructions actually resulted in advantage to the prevailing party, and that, had such error not occurred, there might have been a different finding by the jury.

The conduct of counsel in remaining silent, and in no manner suggesting the existence of the statute, sec. 3605, *supra,* or its application to this case had the effect of misleading the court. A judgment will not be reversed on account of alleged errors that have been consented to or invited, where appellant has not been prejudiced thereby. (*Trask v. Boise King Placers Co.,* 26 Ida. 290, 142 Pac. 1073; *Walling v. Walling,* 36 Ida. 710, 214 Pac. 218.) A new trial will not be granted where the sole ground therefor is error contributed to and encouraged by the acts or omissions of the losing party, especially when the instructions given and the rulings of the court were in harmony with the theory upon which the case was tried.

It is a fundamental rule that the trial court possesses a discretion which should be exercised wisely in granting or refusing to grant new trials, and that the appellate court will not reverse the lower court, in the exercise of such discretion, unless it is patent that same has been abused. It satisfactorily appears that other defenses were adequate in themselves to defeat a recovery in any event, consequently the giving of these questioned instructions was not prejudicial error. Evidently the only matter considered by the learned trial judge on the motion for a new trial was these instructions and the futility of another trial was not suggested to or considered by him.

While this court hesitates to overrule the decision of a trial court in a matter involving the exercise of a discretionary power, we are of the opinion that the reason assigned for

granting a new trial in this case was not sufficient, since the respondent was not prejudiced.

The order appealed from is reversed and the judgment will be reinstated and held to be in full force and effect. Costs awarded to appellants.

Budge, C. J., and Givens and Wm. E. Lee, JJ., concur.