(No. 5644. October 8, 1931.)

D. L. EVANS, Respondent, v. ERNEST POPPIE and POWER COUNTY, IDAHO, a Municipal Corporation, Appellants.

[4 Pac. (2d) 356.]

A. Humphrey and W. C. Loofbourrow, for Appellants.

F. M. Bistline, for Respondent.

GIVENS, J.— Appellant Poppie acquired the real property in question from Power county following a sale to the county of the property for delinquent taxes.

Respondent, successor in interest to the prior owner, sued herein to quiet title on the theory that the county treasurer had not, prior to the tax sale and issuance of tax deed to the county, made or filed a sufficient affidavit in compliance with C. S., secs. 3258 and 3259, amended chap. 232, 1921 Sess. Laws, and chap. 33, 1925 Sess. Laws.

 A proper, correct and sufficient affidavit detailing the acts performed is a jurisdictional prerequisite to the issuance of a tax deed. (*Ulrickson v. Ulrickson,* 42 S. D. 225, 173 N. W. 742; *Koontz v. Ball,* 96 W. Va. 117, 122 S. E. 461; *Wilson v. Glos,* 266 Ill. 392, Ann. Cas. 1916B, 539, 107 N. E. 630; *Lyman v. Walker,* 192 Iowa, 982, 185 N. W. 607.) Such affidavit must show personal service on the party in possession of the premises, if there be such. (*Johnson v. Welch,* 48 Ida. 284, 281 Pac. 748.)

The affidavit herein fails to show this, and is also deficient in other particulars. The court was correct in quieting title in respondent, since, if the county did not have good title, it could give none to appellant Poppie. (*Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638.)

 Appellant urges respondent is not entitled to relief because he did not tender the unpaid taxes, charges, etc. The court should have required such payment before quieting title, but we may order this in the judgment as a condition precedent to title being quieted in respondent. (*Hole v. Van Duzer,* 11 Ida. 79, 81 Pac. 109; *McKinnon v. McIlhargey,* 24 Ida. 720, 135 Pac. 826.)

The judgment modified to that extent is affirmed; each party to pay his own costs.

Lee, C. J., and Varian and McNaughton, JJ., concur.