(No. 7134. May 10, 1944.)

WM. O. CREER and ESTHER CREER, his wife, and BANNOCK COUNTY, Respondents, v. R. M. FARMER and BERTHA FARMER, his wife, Appellants.

[149 Pac. (2d) 130.]

Bistline & Bistline for appellants.

H. J. Swanson for respondents Creer.

C. M. Jeffery, prosecuting attorney, for respondent Bannock County.

DUNLAP, J.—Respondents, Wm. O. Creer and Esther Creer, husband and wife, brought this action in the usual form, against defendants R. M. Farmer and Bertha Farmer, husband and wife, for the purpose of quieting their title to certain real property located in Bannock County, Idaho. In their answers and affirmative defenses, said defendants, to show title in themselves, relied upon a certain tax deed made by Bannock County, Idaho, on November 10th, 1936, (Defendants' Exhibit 1), wherein the property involved in this suit, together with other property, was conveyed by the County to defendant R. M. Farmer.

It was stipulated at the trial that title to the property involved, prior to 1928 was in the Union Grain & Elevator Company, subject to a mortgage held by respondent Creer, and that Mr. Creer acquired title through foreclosure of that mortgage. The Sheriff's Deed in said foreclosure proceedings whereby the property was conveyed to respondent Creer is dated July 15th, 1938.

Upon application of the defendants, Farmer and wife, the Court ordered Bannock County and the unknown owners of the property involved, to be made additional parties defendant. Thereafter, Bannock County filed an answer and cross-complaint in which it is alleged, inter alia, that on April 1st, 1936, there was due and owing on the property described in the complaint, as taxes for the years 1928 to 1935 inclusive, the sum of $1746.96 and that on said date the County Treasurer and Ex-Officio Tax Collector of Bannock County issued to said County a tax deed to the property, which deed was recorded April 29th, 1936; the answer also pleads the assessment and taxation of the property for certain amounts in 1938 and 1939, and that taxes for the years 1936 and 1937 were not determined; that the property was erroneously described on the tax rolls and in the assessment notices and in the Deed of the county to defendant Farmer; that the tax numbers by which the property involved was designated on the county records did not describe the property purported to be assessed by metes and bounds, and were not duly recorded with the County Recorder of Bannock County, as provided by Section 61-302, I. C. A., or at all; that the property involved was assessed under the said tax numbers, and not under the correct description of the property in question.

Other defects in the tax proceedings of the county are also set out. It is also pleaded that the tax deed from the

County Treasurer and Ex-Officio Tax Collector, to Bannock County, is dated April 1st, 1936; that appellant R. M. Farmer had paid to the county for the deed to the property, the sum of $3.00, and had paid to the county the sum of 37 cents for taxes erroneously assessed upon the property for the year 1937; that the moneys so paid by Farmer to the county were tendered to Farmer in said pleading.

The treasurer and Ex-Officio Tax Collector testified in effect that title to the land was taken by the county for unpaid taxes for the year 1928 and that at the time the deed was taken, unpaid taxes amounted to $1746.96.

Written Findings of Fact and Conclusions of Law were made by the Court and on May 13th, 1943 the Court entered its Decree quieting title to the property involved in the plaintiffs, and decreeing that the defendants, Farmer and wife, did not at the time of the decree, or at the time of the commencement of the action, have any right, title or interest in the property and that the deed from Bannock County, Idaho, as grantor, to R. M. Farmer, grantee, dated November 10th, 1936, purporting to convey title to the property to appellant Farmer, was null and void insofar as it purported and attempted to convey title to said property to the said Farmer, and that the plaintiffs pay to the defendants Farmer and wife, the sum of $3.37 with interest thereon at 6% per annum from November 10th, 1936, and enjoining the said defendants from asserting any claim or interest or title in the property adverse to the respondents Creer and wife, and adjudging that any lien Bannock County had for taxes because of the assessment and levy of taxes against the said property prior to the date the county issued the purported deed to Farmer and wife, is not affected by these proceedings and remains in its former state.

The Court found, inter alia, that respondent Creer received a Sheriff's Certificate of Sale in the foreclosure proceedings involving this property, dated November 25th, 1935, and filed November 25th, 1935 in the records of Bannock County; and in Finding No. 4 that it was stipulated in open Court between the plaintiffs and defendants on April 11th, 1940, that title to the real property in question would be in the respondents Wm. O. Creer and wife, were it not for such title as the defendants Farmer and wife may have, by reason of the said tax proceedings herein referred to, and that the only question that the Court had to consider

in this proceeding is the question of whether or not Farmer and wife acquired title by virtue of said tax proceedings pleaded by said defendants and the sale by Bannock County of the lands described in the pleadings herein, which stipulation was accepted by the Court. The Court also found that whatever lien Bannock County had for taxes because of the levy and assessment for taxes against the property, is not affected by these proceedings, but remains in its former state; that the defendants Farmers were entitled to reimbursement for $3.37 with interest thereon, and that the plaintiffs and also Bannock County had offered to repay said sum to said defendants Farmers.

Farmer and wife alone appealed from the judgment. The County did not appeal, but has filed a brief in this Court in which it urges that the lien of Bannock County for taxes, interest and penalty be preserved and that the Court sustain the findings of Fact and Conclusions of Law, and Decree, of the Court holding "that whatever lien Bannock County had for taxes or assessments against the property, is not affected by these proceedings, but remain in its former state."

There is no contention by anyone that the tax proceedings by which the County acquired title to the property involved, were not absolutely void, nor that the county deed from the County to the Farmers did not convey title thereto. A number of assignments of error are alleged, but they all revolve around the following contentions of appellants, to-wit:

1. That respondents were guilty of laches in not paying the taxes on the property involved in this action during a period of 15 years from the date of the original delinquency to the date of the decree, and therefore judgment should have been for defendants, Farmers.

2. That the Court erred in that part of Finding No. 4, setting out the stipulation between the parties in open Court, hereinbefore pointed out, for the reason that no such stipulation is found in the record.

3. That the Court erred in finding that the defendants and appellants, Farmers, are entitled to reimbursement for $3.37 with interest, and that the plaintiffs and also Bannock County, had offered to repay the sum to said Farmers, for the reason that there was no occasion for reimbursement and that if there were, there was no evidence in the record of any offers for reimbursement.

4. That the Court erred in rendering judgment for plaintiffs, without requiring payment of all unpaid taxes, charges, etc., against the property involved in the action, as a condition precedent to title being quieted in the plaintiffs.

With reference to assignment No. 2, the finding of the Court as to this stipulation is supported in at least two places in the record.

■ Assignment No. 3 is likewise without merit, since the appellants are not prejudiced by the finding of $3.37 and interest to be due them from plaintiffs. It is true appellants did not claim the refund; neither did they claim any further or greater amount. Bannock County, as a matter of fact, in its pleadings did tender back to appellants said sum of $3.37 and interest, and even though plaintiffs (who are respondents) did not tender back said sum, the finding of the Court to the effect that respondents, as well as Bannock County, had so tendered said sum, could in no way prejudice appellants. Assuming, but not conceding, this finding was error, it was not to appellants' disadvantage, and therefore not the basis for reversal of judgment. (*Applebaum v. Stanton*, 47 Ida. 395, 276 P. 47; *Joyce Brothers v. Stanfield*, 33 Ida. 68, 189 P. 1104.)

■ Assignment No. 4 is likewise without merit, for the reasons herein stated with reference to Assignment No. 3. Appellants were not prejudiced here in any way whatever by this ruling of the Court. They could have no interest (other than the nominal interest of a taxpayer of the county) in a requirement that the plaintiffs pay the county the full amount of the tax lien as a condition precedent to quieting as against them of respondents' title in the property, and as a matter of fact, appellants here do not assert such an interest as a taxpayer. The Court, in its findings, specifically protected the County's lien for all unpaid taxes, and thus, even as a taxpayer, appellants suffered no injury.

■ Assignment No. 1 alleges error of the Court in rendering judgment for respondents, and in not entering judgment for appellants, and is based on the contention that respondents were guilty of laches in not paying the taxes on the property involved, for a period of 15 years from the date of the original delinquency to the date of the decree herein.

We very much question if the matter of laches is a proper one for consideration under all the circumstances

of this case. In *Federal Land Bank v. Bissonnette,* 51 Ida. 219, 4 P. (2d) 364, we said: "Where laches is pleaded as a defense, 'the facts and circumstances of each case must govern courts of equity in permitting such defense to be made. Lapse of time is an important element, but it is not controlling, it is only one of the controlling and important factors, and the courts should give proper and due regard to the surrounding circumstances and the acts of the parties and their relationship to the property involved in the controversy.' (*Bergen v. Johnson, supra;* 21 C. J., 217.)"

This suit was originally only against the appellants. The County, holding quite a large tax lien, was brought into the action by appellants' motion. The Findings, Conclusions and judgment in nowise interfered with this lien of the County's, and in fact preserved it. At no time in the proceedings was the County insistent upon payment by respondents of the taxes as a condition precedent to quieting title, nor did respondents seek any relief against the county. The contest is between respondents and appellants, who base their title on a void tax deed, and under the stipulation of the parties, the contest was narrowed and limited to the question of title as between them and was to effect that title was in respondents unless it had, as a matter of fact and law, been lost in the tax proceedings.

While the record shows respondents acquired a mortgage on the property, given in 1928, to secure a loan of money, they did not become owners thereof and were in nowise connected with the title except as a lien holder, until November, 1935, when they acquired a Sheriff's Certificate of Sale, through the proceedings for foreclosure of the said mortgage. The Sheriff's Deed, under the said Certificate, was issued July 15th, 1938.

When it became apparent appellants had acquired no title in this property because the deed under which they claim is void, it would seem their interest in the matter of tax assessments was limited to a recovery of the $3.00, the amount they paid for the void Deed on November 10th, 1936, the 37 cents which they subsequently paid on taxes, and legal interest thereon. Therefore, under these facts it would seem that laches is not a defense available to appellants in this suit by respondents, to quiet their title in the property involved.

In *Federal Land Bank v. Bissonnette,* 51 Ida. 219, 4 P. (2d) 364, in discussing the application of the principle

of laches, we said, quoting from a former decision: "As we understand the rule, however, it has this exception, that it is not invoked or implied by the courts in cases where it manifestly appears that its application is not essential in order to protect the adverse party from being placed in a worse position by reason of the delay than he would have been in, had the action been prosecuted with greater diligence."

That principle is applicable here, for, assuming but not conceding under the facts in this case, that the respondents here were under duty to pay the taxes on this property, the fact of their failure to do so could be of no disadvantage to appellants, since such payments could in no way add any strength or support to appellants' position. Appellants' title to the property was void, and not affected by respondents' failure to pay the taxes. They are in no worse condition because of the non-payment of taxes.

Appellants, in arguing that the payment of the delinquent taxes to the county by respondents, is required as a condition precedent to respondents' right to maintain this action, cite and reply upon *Bacon v. Rice*, 14 Ida. 107, 93 P. 511; *Evans v. Poppie*, 51 Ida. 123, 4 P. (2d) 356, and other authorities, all of which we have carefully examined. But this contention is not supported by the authorities cited. Rather, the rule which is laid down, and which is applicable here, is as stated by the author to the annotation appearing in 86 A. L. R., page 1211, as follows: "The rule is well settled that the owner of real property in the equitable actions to remove a cloud, quiet title, restrain issuance of a tax deed, cancel a tax certificate, set aside a tax bill, and to determine title, as against a purchaser, at an invalid tax sale, must reimburse the purchaser for the amount of taxes paid, as a condition precedent to obtaining the affirmative relief sought. The rule is based upon the maxim that he who seeks equity must do equity and of course presupposes that the taxes were valid, and that the amount to which the purchaser was entitled was ascertainable and had been made to appear."

We have examined into all the assignments of error alleged by appellants, and find no error in the record which would justify a reversal of the order and judgment appealed from, and therefore affirm the same.

Costs to respondents.

Holden, C. J., Ailshie, Budge and Givens, JJ., concur.